### ERASTUS D. GOODWIN *vs.* LEE P. DEAN.

The defendant, as an attorney-at-law, drew a mortgage of certain real estate to *R*, which was executed by *H* in his presence, he signing his name as a witness and taking the acknowledgment as a magistrate, and fully understanding the contents of the deed. Nine years later the defendant took a mortgage from *H* to himself of the same real estate. The first mortgage had never been put on record. Held that the law would not presume that the defendant, at the time he took his own mortgage, continued to have the knowledge of the prior mortgage which he had nine years before.

A case of this sort, where the knowledge was merely casual, and with nothing to impress the fact upon the mind, is very different from a case where there is a duty upon the party to remember, or the notice is of a fact affecting his interests.

SUIT for a foreclosure; brought to the District Court of Litchfield County. Facts found by a committee and judgment rendered by the court (*Warner, J.*,) for the plaintiff. Appeal to this court by the defendant. The case is sufficiently stated in the opinion.

*A. T. Roraback* and *L. J. Nickerson*, for the appellant.

*A. H. Fenn* and *D. T. Warner*, for the appellee.

CARPENTER, J. This is an action to foreclose a mortgage. The mortgage was given May 27th, 1867, and not recorded till March 22d, 1877. On the 1st of April, 1876, the defendant took a mortgage covering the same property, and in October following took another mortgage, both of which were recorded in a reasonable time. The plaintiff insists that his mortgage should have the preference on the ground that the defendant took his mortgages with knowledge of that of the plaintiff.

The finding shows that the defendant, who is an attorney-at-law, was the scrivener who drew the mortgage deed which the plaintiff now owns, was a witness to it, and was the magistrate who took the acknowledgment. It is also

found expressly that at that time the defendant had full
knowledge of that mortgage, but there is no express finding
that he had such knowledge nine years later when he took
his own mortgages. Upon these facts the District Court
sustained the plaintiff's claim and rendered a judgment in
his favor.

The defendant claims that the ruling of the court was
erroneous, and that is the sole question presented by this
appeal. On this subject STORY says:—" This doctrine, as
to postponing registered to unregistered conveyances upon
the ground of notice, has broken in upon the policy of the
registration acts in no small degree; for a registered con-
veyance stands upon a different footing from an ordinary
conveyance. It has, indeed, been greatly doubted whether
courts ought ever to have suffered the question of notice to
be agitated as against a party who has duly registered his
conveyance. But they have said that fraud shall not be
permitted to prevail. There is, however, this qualification
upon the doctrine, that it shall be available only in cases
where the notice is so clearly proved as to make it fraudu-
lent in the purchaser to take and register a conveyance in
prejudice to the known title of the other party." 1 Story's
Eq. Jur., § 398.

We do not think the circumstances of this case bring it
within the doctrine as thus stated. The committee carefully
refrained from finding that the defendant knew, when he
took his mortgages, that the plaintiff's mortgage was then
outstanding. Without such knowledge there was no fraud.
The fact that he knew of the plaintiff's deed nine years
before is not equivalent to knowledge then, as there is no legal
presumption that such knowledge continued for a period of
nine years so as to charge the party with fraud. When the
defendant wrote that deed he had no interest in the prem-
ises, and had no occasion to charge his mind with it. Draw-
ing deeds is a part of the ordinary business of a practicing
attorney, and something that he may have occasion to do
several times in a day. If any man should remember the
details of a single transaction of the kind for nine years it

would be a remarkable instance of a retentive memory. It is certainly not to be expected as a common thing. No principle of law is founded on an assumption that that will happen which seldom or never does happen. Legal principles are not only general rules, but they are in the main founded upon general rules and not upon exceptions; that is, upon the presumption that that will be done in a given case which men ordinarily do under similar circumstances. The law will not require any man to do what hardly one man in a thousand is capable of doing. Therefore the law will not presume that the defendant, when he took his mortgages, had in mind the fact that nine years before the mortgagor mortgaged the same property to a third party. If he did not have it in mind he is not in any proper sense chargeable with knowledge. If there was no knowledge there was no fraud, and, if no fraud, the defendant's equities are prior in right and must prevail.

The plaintiff's argument assumes that the defendant's case depends upon the presumption that he had forgotten the circumstance. It is not a mere question of forgetfulness; the question is whether he had forgotten anything that he ought to have remembered. Unless he was under some obligation to remember he is not chargeable with negligence in not remembering. The law imposed no duty upon him and his interests did not require it.

If, while contemplating taking a mortgage on this property, he had been informed that the plaintiff's mortgage was still outstanding, it would have been his duty to remember it. Due regard to his own interests and to the rights of others required him to remember it, and the law might properly impute knowledge to him; because the law supposes that a man will act with due regard to his own interests, and requires him to act with due regard to the rights of others. A failure to do so would evince a willingness, if not a desire, to defraud his neighbor, or at least to get an advantage over him which would be inequitable and unjust. Nothing of the kind appears in this case.

In addition to these considerations there are some pre-

sumptions founded on the common experience of mankind which are in the defendant's favor. There is the ordinary presumption on which the statute of limitations is founded, that an ordinary debt will be paid in six years. The plaintiff's debt was overdue nearly eight .years when the defendant took his first mortgage. Then the fact that the plaintiff's mortgage was not on record afforded some indication that it was in some way satisfied; for men ordinarily cause such instruments to be recorded. These presumptions supplement and strengthen each other, so that, even if we assume that the defendant remembered the plaintiff's mortgage when he took his own, it is an open question whether he could be properly charged with fraud under the circumstances. Is not the presumption that the plaintiff's claim had ceased to exist, nearly or quite as strong as the presumption that the defendant intended a fraud?

Another circumstance we will notice in passing. When the plaintiff purchased his mortgage he did so with full knowledge that two of the defendant's mortgages were first recorded; and it does not appear that he then knew that the defendant wrote that mortgage. So that, for aught that appears, he purchased with full knowledge of the apparent priority of the defendant's equities. What effect that circumstance should have upon the present equities of the parties we will not now undertake to say.

· For the reasons above given we think the judgment was erroneous and must be reversed.

In this opinion the other judges concurred.