[No. 18194.   Department Two.—March 29, 1894.]

# HENRY WITTENBROCK, APPELLANT, *v.* JOHN A. PARKER ET AL., RESPONDENTS.

CONSTRUCTIVE NOTICE—PARTNERSHIP—ATTORNEYS AT LAW.—Where two attorneys are engaged as copartners in the practice of law, the knowledge acquired by one member of the firm, obtained while transacting such business and relating thereto, is constructive notice to the firm.

ID.—AGENCY OF ATTORNEYS—NOTICE TO JOINT AGENTS.—An attorney is an agent for his client within the scope of his employment, and two or more attorneys practising together as copartners are joint agents as to the business transacted for their clients as such copartners, and actual notice to one of two or more such joint agents is constructive notice to all.

ID.—EFFECT OF CONSTRUCTIVE NOTICE TO JOINT AGENT—NEW PRINCIPAL NOT BOUND.—Where one of a firm of attorneys or joint agents is merely chargeable with constructive notice of a transaction had with his copartner or co-agent, but has no actual knowledge thereof, a new client or principal who employs him specially for the transaction of other business is not bound by such constructive notice.

ID.—NOTICE TO AGENT, WHEN NOTICE TO PRINCIPAL.—Notice to an agent in order to be notice to his principal must be given to him while acting in the course of his employment, or at least must be present to his mind at the time he is acting as such agent, and be of such character as it is his duty to communicate to his principal.

ID.—MISTAKE OF ONE PARTNER IN RELEASE OF MORTGAGE—SEARCH OF TITLE BY COPARTNER FOR NEW MORTGAGE.—Where one of a firm of attorneys made a mistake in the satisfaction of a prior mortgage, which mistake was wholly unknown to his copartner, who subsequently at the request of another client examined and reported upon the title, and prepared notes and mortgages for him upon the same land, upon which money was advanced without actual knowledge of the rights of the prior mortgagee, the subsequent mortgagee is not chargeable with constructive notice of the mistake in the release and satisfaction of the prior mortgage.

ID.—NEGLIGENCE OF PRIOR MORTGAGEE.—Where the prior mortgagee, by mistake, satisfied his mortgage in full, without reading the satisfaction, this was negligence on his part, and, if he and a subsequent mortgagee were both innocent parties, the loss resulting from the negligence of the prior mortgagor should fall upon him.

ID.—RECORD OF SUBSEQUENT MORTGAGE.—When a subsequent mortgage is recorded it is constructive notice to the world; and, as against a prior mortgage which had before that time been discharged of record, it is, in the absence of proof of actual notice of a prior equity, to be deemed prior in lien.

ID.—PROOF OF ACTUAL NOTICE—BURDEN OF PROOF.—A mortgagee seeking to enforce a mortgage which was satisfied by mistake, against a subsequent mortgage recorded after record of the satisfaction, must allege

and prove actual notice of his mortgage lien to the subsequent mort-gagee.

ID.—PLEADING—ANSWER—CROSS-COMPLAINT.—In an action to foreclose a mortgage, where a subsequent mortgagee denies that his mortgage is inferior or subject to the lien of the prior mortgage, and for further answer sets out his mortgage and prays for a foreclosure of it, such further answer, though affirmative in form, is, in fact, a cross-complaint, and the court may treat it as such in its findings.

APPEAL from a judgment of the Superior Court of Tehama County, and from an order denying a new trial.

The facts are stated in the opinion.

*P. H. Coffman, Armstrong & Platnauer,* and *Armstrong, Bruner & Platnauer,* for Appellant.

The court erred in admitting in evidence any testimony tending to show that S. Solon Holl had no knowledge of the facts of which Taylor, his partner, had knowledge, as it was the duty of Taylor to disclose these facts to Holl, and the presumption that the agent has done his duty and imparted all information to his principal cannot be rebutted. (*Fuller* v. *Benett,* 2 Hare, 394; *Abell* v. *Howe,* 43 Vt. 403; *Dresser* v. *Norwood,* 17 Com. B., N. S., 466; *Donald* v. *Beals,* 57 Cal. 405; *Watson* v. *Sutro,* 86 Cal. 516, 517; *Bradley* v. *Riches,* L. R. 9 Ch. Div. 189; *Holden* v. *N. Y. etc. Bank,* 72 N. Y. 286; *Cragie* v. *Hadley,* 99 N. Y. 134; 52 Am. Rep. 9; Mecham on Agency, secs. 719–21; *Slattery* v. *Schwannecke,* 118 N. Y. 543; *Richardson* v. *Palmer,* 24 Mo. App. 480; *Mullin* v. *Mutual Ins. Co.,* 58 Vt. 113; *Constant* v. *University,* 111 N. Y. 604; 7 Am. St. Rep. 769; *Rolland* v. *Hart,* L. R. 6 Ch. App. 678; *The Distilled Spirits,* 11 Wall. 367; *Hunter* v. *Watson,* 12 Cal. 377; 73 Am. Dec. 543; *Bierce* v. *Red Bluff Hotel,* 31 Cal. 160; *Hart* v. *Bank,* 33 Vt. 252; *Whitten* v. *Jenkins,* 34 Ga. 305; *Day* v. *Wamsley,* 33 Ind. 147; *Cummings* v. *Harsabraugh,* 14 La. Ann. 722; *Hovey* v. *Blanchard,* 13 N. H. 148; *Bank* v. *Campbell,* 4 Humph. 396; *Campau* v. *Konan,* 39 Mich. 362; *Chouteau* v. *Allen,* 70 Mo. 290; *Lebanon Savings Bank* v. *Hollenbeck,* 29 Minn. 323; *Yerger* v. *Barz,* 56 Iowa, 77; *Fairfield Savings Bank*

v. *Chase*, 72 Me. 226; 39 Am. Rep. 319; *Suit* v. *Woodhall*, 113 Mass. 391; *Shafer* v. *Phœnix Insurance Company*, 53 Wis. 361; Wade on Notice, sec. 687.) Notice to one of two joint agents or partners is notice to all. (*McFarland* v. *Crary*, 8 Cow. 253; *Warner* v. *Griswold*, 8 Wend. 665; *Mahoney* v. *Middleton*, 41 Cal, 41; *Connelly* v. *Peck*, 6 Cal. 348; Story on Partnership, secs. 107, 108; *Burritt* v. *Dickson*, 8 Cal. 113; *Miners' Ditch Co.* v. *Zellerbach*, 37 Cal. 605; 90 Am. Dec. 300; *Stanley* v. *Green*, 12 Cal. 167; *Barney* v. *Currier*, 6 Am. Dec. 739; *Phelps* v. *Maxwell Creek Gold Min. Co.*, 49 Cal. 336; Mecham on Agency, sec. 725; Wade on Notice, sec. 681; Dunlap's Paley's Agency, p. 262; *Le Neve* v. *Le Neve*, 2 Lead. Cas. in Eq. (Hare & Wall.) 168; *Fuller* v. *Benett*, 2 Hare, 394; Story on Agency, sec. 232; Pomeroy's Equity Jurisprudence, sec. 667; 1 Wait's Actions and Defenses, 232. *Holden* v. *New York etc. Bank*, 72 N. Y. 295; *Cragie* v. *Hadley*, 99 N. Y. 131; 52 Am. Rep. 9; *Brotherton* v. *Hatt*, 2 Vern. 574.) It was necessary for the defendant both to aver and prove that the decedent loaned his money, and took his mortgage, without notice of the prior equity of the plaintiff, neither of which were done. (*Eversdon* v. *Mayhew*, 65 Cal. 163; *Boone* v. *Childs*, 10 Pet. 210–13; *Frost* v. *Beekman*, 1 Johns. Ch. 302; *Brinckerhoff* v. *Lansing*, 4 Johns. Ch. 70; 8 Am. Dec. 538; *Scott* v. *Umbarger*, 41 Cal. 419; *Lawton* v. *Gordon*, 34 Cal. 36; 91 Am. Dec. 670; *Colton* v. *Seavey*, 22 Cal. 503; *Root* v. *Bryant*, 57 Cal. 48; *Long* v. *Dollarhide*, 24 Cal. 218; *Galland* v. *Jackman*, 26 Cal. 86; 85 Am. Dec. 172; *Landers* v. *Bolton*, 26 Cal. 417; *Coffey* v. *Greenfield*, 62 Cal. 602; *Aurrecoechea* v. *Sinclair*, 60 Cal. 532; *Withers* v. *Little*, 56 Cal. 370.) Whoever claims to be a mortgagee in good faith and for value must allege and prove want of notice of a prior equity prior to and down to the time he paid his money. (1 Jones on Mortgages, 206; 1 Perry on Trusts, 219; *Watkins* v. *Edwards*, 23 Tex. 447; *Hamman* v. *Keigwin*, 39 Tex. 34; *Moore* v. *Curry*, 36 Tex. 668; *Wallace* v. *Wilson*, 30 Mo. 335; *Spicer* v. *Waters*, 65 Barb. 227; *Sillyman* v. *King*, 36 Iowa, 207; *Nolen* v. *Gwyn*, 16 Ala. 725; *Wells* v. *Morrow*, 38 Ala. 128; *Taylor*

v. *Ranney,* 4 Hill, 624; *Pearce* v. *Foreman,* 29 Ark. 568;
Bump on Fraudulent Conveyances, 447; *Blight* v. *Banks,*
17 Am. Dec. 136; *Jewett* v. *Palmer,* 7 Johns. Ch. 95; 11
Am. Dec. 401; *Bishop* v. *Schneider,* 46 Mo. 472; 2 Am.
Rep. 533; *Wormley* v. *Wormley,* 8 Wheat. 421; *Rorer Iron
Works* v. *Trout,* 5 Am. St. Rep. 285, 298, 304; *Cummings*
v. *Coleman,* 62 Am. Dec. 402; *Everts* v. *Agnes,* 4 Wis.
343; 65 Am. Dec. 314; *Weber* v. *Rothchild,* 15 Or. 385; 3
Am. St. Rep. 162; *Brown* v. *Welch,* 18 Ill. 343; 68 Am.
Dec. 549; *Bassett* v. *Nosworthy,* 2 Lead. Cas. in Eq. 101,
102, and notes; *Beekman* v. *Frost,* 18 Johns. 561; 9 Am.
Dec. 246.)

*C. H. Oatman, A. L. Hart,* and *S. Solon Holl,* for
Respondent Bithell.

It was not shown that the facts concerning the release
were in Taylor's mind at the time he took the acknowl-
edgments, and therefore it was not incumbent upon him
to communicate it to his partner Holl. (Mecham on
Agency, sec. 719, 727; *The Distilled Spirits,* 11 Wall.
366; *Satterfield* v. *Malone,* 35 Fed. Rep. 453; *Constant* v.
*University of Rochester,* 133 N. Y. 640; Pomeroy's Equity
Jurisprudence, sec. 672; *Trentor* v. *Pothen,* 46 Minn.
298; *Wyllie* v. *Pollen,* 32 L. J. Eq. 782; *Cambridge Valley
Bank* v. *Delano,* 48 N. Y. 342.)  The relation of prin-
cipal and agent did not exist between the firm of Tay-
lor and Holl, or either member of the firm, and the
defendant Bithell, to the extent that he is bound by the
information or notice possessed by the firm.  (*Saffron
etc. Soc.* v. *Rayner,* L. R. 14 Ch. Div. 406; *Schultz* v. *Mc-
Lean,* 93 Cal. 329; Pomeroy's Equity Jurisprudence, secs.
667, 676; *Banco de Lima* v. *Anglo Peruvian Bank,* L. R.
8 Ch. Div. 160, 175.)

*Robert T. Devlin,* and *Isaac Joseph,* for Respondent
Harlow.

SEARLS, C.—This was an action by Henry Witten-
brock, as plaintiff, to have a satisfaction of a mortgage

set aside and canceled, and to foreclose said mortgage which was executed by the defendant, John A. Parker. Defendants Bithell and Harlow were made defendants, set up mortgages in their favor, which, by the decree of the court, were adjudged valid and subsisting against the defendant, Parker, and the liens thereof prior to the lien of plaintiff's mortgage.

Plaintiff appeals from the decree, and from an order denying a motion for a new trial.

The following facts illustrate the important question in the case: Plaintiff's mortgage was executed May 22, 1885, by the defendant, John A. Parker, upon certain real property in the county of Tehama, to secure the payment of his certain promissory note for six thousand dollars and interest, payable two years after date to the Union Building and Loan Association, or order. The mortgage was duly recorded May 23, 1885.

L. S. Taylor and S. Solon Holl were attorneys at law and copartners under the firm name of "Taylor and Holl," and engaged as such firm in the practice of law in all its various branches, including the examination of land titles, giving opinions as to the validity thereof, drawing deeds, mortgages, assignments, and other instruments in writing.

In February, 1888, the note of Parker was due and unpaid, and the Union Building and Loan Association was pressing him for payment, whereupon L. S. Taylor, the senior member of the firm of Taylor and Holl, at the request of Parker, negotiated with plaintiff for the purchase by him of said note and mortgage, and to grant further time for the payment thereof. To this plaintiff agreed, and in February, 1888, the holder of the note and mortgage, in consideration of seven thousand dollars, which plaintiff paid, assigned to him, the said plaintiff, the note and mortgage. This assignment was drawn by Taylor, and, at his request, recorded March 5, 1888. Holl knew nothing of the assignment.

On or about October 4, 1888, John A. Parker, the maker of the note and mortgage, had contracted to sell

a portion of the mortgaged premises, and applied to plaintiff through said Taylor for a release of the lien of his mortgage upon the land to be sold upon his payment of four thousand dollars upon the note, the mortgage to remain upon the residue of the land as security for the balance due on the note.

Plaintiff agreed to this, and said L. S. Taylor then prepared a release, which he represented to plaintiff and Parker was a release of the land to be sold, and plaintiff, believing this to be true, executed and acknowledged the release, but which in fact was, as the court finds, by mistake and inadvertence, so drawn as to read " that said mortgage was fully paid and satisfied."

Plaintiff did not himself read the release, but took the statement of Taylor that it was all right.

This release came into the hands of W. F. Huntoon, at whose request it was duly recorded on the twenty-second day of October, 1888.

The copartnership between Taylor and Holl was formed January 1, 1885, prior to which time Taylor had been an attorney for plaintiff and defendant Parker, his services consisting mainly in preparing deeds, mortgages, assignments, and releases, and examining abstracts.  That after the formation of said copartnership plaintiff and Parker continued to employ his services in like manner, and his partner, Holl, who occupied a separate office, or room, knew little or nothing of their business, and knew nothing of the mortgage in question, its assignment, or the release thereof, or of any of the agreements relating thereto, nothing in relation thereto having been in fact imparted to him.

For some years prior to 1888 defendant Bithell was accustomed to loan money on real estate security, and was accustomed to require the borrower to furnish an abstract of title to the land offered as security, and to submit such abstract to an attorney selected by him, the said defendant, and to pay said attorney for his opinion as to title, and for preparing mortgages, etc., where the loans were consummated.

Bithell had for some years selected S. Solon Holl as the attorney to examine and report upon titles in all such cases, and to prepare all necessary papers, to which said Holl gave his individual attention.

On the twenty-fourth day of October, 1888, defendant John A. Parker applied to defendant Bithell for a loan of six thousand dollars, and offered real estate as security therefor. Bithell applied to Holl to examine the abstract of title of the real estate offered, and to prepare notes and mortgages if he approved the title. The title was approved by Holl, and the notes and mortgages prepared and executed by Parker on the same day, and the money, six thousand dollars, was then and there received by said Parker.

The mortgages, four in number, covered the property mortgaged to plaintiff. Neither Bithell nor Holl knew of the plaintiff's mortgage or the assignment or release thereof except as shown by the abstract, and had no actual notice or knowledge of any mistake in the release. The record showed plaintiff's mortgage to have been released. Holl advised Bithell that the land was clear of encumbrance, and Bithell relied upon and acted upon this belief in making his loan, and neither he nor Holl had, in fact, any information as to the mistake in plaintiff's release until January, 1891.

Upon this state of facts the question arises, had Bithell such constructive notice of the mistake in the release of the mortgage of plaintiff that the lien of his own mortgages upon the same land was postponed and rendered subject and subordinate to that of plaintiff under his mortgage so by mistake released?

Taylor and Holl, being engaged as copartners in the practice of the law, including business of the character transacted for the several parties to this controversy, the knowledge acquired by one member of the firm, obtained while transacting such business and relating thereto, was constructive notice to the firm as to such knowledge.

An attorney is an agent for his client within the

scope of his employment, and two or more attorneys practicing together as copartners are joint agents as to the business transacted for their clients as such copartners.

Notice to one of two or more joint agents is notice to all. (Wade on Law of Notice, sec. 681; *Fulton Bank* v. *New York etc. Canal Co.*, 4 Paige, 127; *North River Bank* v. *Aymar*, 3 Hill, 262; *Bank of United States* v. *Davis*, 2 Hill, 451; *National Security Bank* v. *Cushman*, 121 Mass. 490.) Like other copartners, each is at the same time a principal and an agent for all the others.

2. The important branch of the question relates to the situation of the defendant Bithell as affected by the knowledge imputed to Holl, who was his attorney and agent in passing upon the abstract of title to the land, and in preparing the mortgages.

We say he was the attorney and agent of Bithell in the transaction, because he was employed by him, and it was to and for him the services were rendered, and the fact that his employer required the mortgagor to furnish an abstract and pay Holl for his services did not constitute him the attorney of the latter.

The burden cast upon the mortgagor of paying for the services of the attorney selected by Bithell to guard his interests was simply a condition of the loan, and did not alter the *status* of such attorney or diminish the duty or responsibility which he owed to his employer. Holl was then the agent of Bithell. It was not a general and continuing agency extending to a range as comprehensive as the functions of an attorney, but limited to the particular business in hand, for the transaction of which he was specially employed.

It is not sought to charge Bithell with any actual notice of plaintiff's mortgage, or of any knowledge of facts to put him upon inquiry as to the mistake in its satisfaction or cancellation of record. The case turns upon the point of the constructive notice to the principal of the facts within the knowledge of the agent.

This question presents a broad field of inquiry. A

somewhat careful examination of its several phases awakens a desire to discuss it at length, and to review some of the many authorities converging and diverging in relation to its several branches, but economy of time and space forbids, and I content myself with a concise statement of what seems to be the settled propositions on the subject, so far as applicable to this case, which may be briefly stated thus:

A principal is bound by the knowledge of his agent, and will, in law, be deemed to have constructive notice of such knowledge.

In order to thus bind the principal by knowledge possessed by the agent it is, as a general rule, essential that the information " be obtained by, or imparted to, the agent while he is in fact acting as agent—while he is actually engaged in doing his principal's business, in pursuance of his authority, and in his character as agent." (Pomeroy's Equity Jurisprudence, sec. 670.)

Within these limits and to this extent there has been but little divergence of opinion on the part of the courts either in England or this country, and the doctrine is elementary. (*Connelly* v. *Peck,* 6 Cal. 348; *May* v. *Borel,* 12 Cal. 91; *Stanley* v. *Green,* 12 Cal. 148; *Hunter* v. *Watson,* 12 Cal. 363; 73 Am. Dec. 543; *Bierce* v. *Red Bluff Co.,* 31 Cal. 161; *Donald* v. *Beals,* 57 Cal. 399; *Watson* v. *Sutro,* 86 Cal. 500.)

It is the duty of an attorney at law, or other agent, to communicate to his client or principal whatever information he acquires in relation to the subject matter involved in the transaction, and he will be presumed to have performed his duty in that respect, and notice to him is constructive notice to his client or principal. (*Bierce* v. *Red Bluff Co.,* 31 Cal. 161; *The Distilled Spirits,* 11 Wall. U. S. 356; *Watson* v. *Sutro,* 86 Cal. 500.)

The facts constituting knowledge, or want of it, on the part of the agent are proper subjects of proof, and are to be ascertained by testimony as in other cases, but, when ascertained, the constructive notice thereof to the principal is conclusive, and cannot be rebutted by show-

ing that the agent did not in fact impart the information so required. (*Watson* v. *Sutro*, 86 Cal. 500.)

In the present case it does not appear that Holl, who acted as the attorney of Bithell, acquired any knowledge in relation to plaintiff's mortgage or the mistake in its satisfaction during the time he was engaged in effecting the Bithell loan. Whatever notice he had of the mistake in such satisfaction of plaintiff's mortgage, if any, was constructive and previously obtained.

There is abundant authority to the point that notice to an agent to be notice to his principal must be given to him while acting in the course of his employment. (*Weisser* v. *Denison*, 10 N. Y. 68; 61 Am. Dec. 731; *Doe ex dem. Reynolds* v. *Ingersoll*, 11 Smedes & M. 249; 49 Am. Dec. 57; *Russell* v. *Sweezey*, 22 Mich. 235; *Smith* v. *Dunton*, 42 Iowa, 48; *Goodwin* v. *Dean*, 50 Conn. 517; *Pringle* v. *Dunn*, 37 Wis. 449; 19 Am. Rep. 772.)

Lord Hardwick, in discussing this rule, remarked that a different rule "would make purchasers' and mortgagees' titles depend altogether on the memory of their counselors and agents, and oblige them to apply to persons of less eminence as counsel, as not being so likely to have notice of former transactions."

In *Trentor* v. *Pothen*, 46 Minn. 298, 24 Am. St. Rep. 225, Mitchell, J., in referring to the question expresses like views in the following language: "If a party who employs an attorney for the special purpose of examining an abstract and passing upon the record title is to be charged with notice of all knowledge which the attorney may have previously acquired from other transactions for other parties, it would be very dangerous to employ an attorney at all for any such purpose, and the one whom it would be most dangerous to employ would be the attorney having the most experience and the most extensive practice."

The authorities in this state have, so far as observed, confined the limits of constructive notice to the bounds hereinbefore stated.

It must be admitted, however, that the rule has, in

many instances, and by eminent jurists, been extended so as to deem the principal to have constructive notice of information acquired by the agent prior to, and independent of, the scope of the agency.

A synopsis of the rule as thus indicated, taken from the *syllabi* of "The Distilled Spirits," 11 Wall. 356, indicates fairly well the result of the reasoning of the court in that case.

"The rule that notice to the agent is notice to the principal applies not only to knowledge acquired by the agent in the particular transaction, but to knowledge acquired by him in a prior transaction, and present to his mind at the time he is acting as such agent, provided it be of such a character as he may communicate to his principal without breach of professional confidence."

Pomeroy's Equity Jurisprudence, section 672, states the general rule to be limited by cases in which the transaction in question closely follows and is intimately connected with a prior transaction in which the agent was also engaged, and in which he acquired material information, or where the information obtained by the agent in a former transaction was so precise and definite that it is or must be present to his mind and memory in the second transaction, then such information operates as constructive notice to the principal in such second transaction.

The same author adds that "while this particular rule is settled by a strong array of authorities, the courts show a plain determination not to extend it, but to keep it confined within narrow and necessary limits."

It seems conceded on all hands that clear and satisfactory proof that the knowledge of the former transaction was present in the mind and memory of the agent at the time of the second transaction is necessary in order to bind the principal in such second transaction by constructive notice of the prior information of the agent.

Conceding, then, this enlargement of the rule of notice, which, in a few cases, may prove a salutary one,

but which needs to be closely guarded to prevent injustice from the difficulty and uncertainty which must attend its application, and it is not perceived how appellant's case is strengthened.

The constructive notice to a principal comes from information, knowledge, possessed by his agent.

Holl, as the attorney and agent of Bithell, had no knowledge or information to put him upon inquiry as to the prior mortgage of plaintiff, its assignment, or the mistake in its satisfaction. His only information was that furnished by the abstract and satisfaction, all of which showed the property clear of encumbrance. Constructive notice to the principal springs from actual knowledge or such information as should awaken inquiry in a reasonable man, imparted to or acquired by the agent.

The reason of the rule is that the agent has acquired knowledge which it was his duty to impart to his principal, and the presumption is that he has performed that duty. The knowledge of the agent is a prerequisite to the presumption, and where the former fails the latter has no application.

The knowledge which Taylor possessed that plaintiff's mortgage was not to be satisfied in full, and which constructively bound his law partner, Holl, applied to their then principal, the plaintiff, and to their liabilities to each other.

When Holl came to act in another capacity for a new principal and in a different matter, the notice to him which constructively bound such new principal was actual notice, founded upon knowledge or information which it was in his power to impart, the facts constituting which it was necessary to prove and which, when proven, would raise an irrebuttable or conclusive presumption against such principal.

The evidence and findings show that the mistake in the satisfaction of plaintiff's mortgage was a separate and distinct transaction, and that so far from being in the mind of the attorney, Holl, at the date of the execu-

tion of the Bithell mortgage, he had not previously been aware of any fact in the matter, and did not become aware of the mistake in satisfying plaintiff's mortgage for many months thereafter.

The case presented is this: Plaintiff and Bithell are both innocent parties. Plaintiff had a prior mortgage which he by mistake satisfied in full without reading the satisfaction. This was negligence on his part, and as one of two innocent parties must suffer as a consequence of such negligence, it is equitable and just that the loss should fall upon the plaintiff by whose negligence the mishap was brought about. (*Schultz* v. *Mc-Lean,* 93 Cal. 356; *Somes* v. *Brewer,* 2 Pick. 201; 13 Am. Dec. 406; *Mundorff* v. *Wickersham,* 63 Pa. St. 87; 3 Am. Rep. 531; Civ. Code, sec. 3543.)

The argument of appellant directed to the allegations of the pleadings and the issues formed thereby does not call for special notice, for the reason that so far as any doubt is left as to the matters discussed it is upon questions not going to the merits of the case.

The several objections made to the introduction of evidence and the errors assigned upon the rulings relating thereto do not require special notice, beyond the remark that as between plaintiff and Bithell they involved no error, and as between them the judgment and order appealed from should be affirmed.

G. W. Harlow, administrator with the will annexed of the estate of David Fuhrman, deceased, was made a party defendant, who it was alleged claimed "some estate or interest in said mortgaged land, but that said estate or interest therein is subsequent to said mortgage lien (of plaintiff) thereon and should be postponed thereto," etc.

Harlow answered denying that his estate or interest in certain of the mortgaged land which he described was subsequent to the alleged mortgaged lien of plaintiff, but alleged that plaintiff's mortgage lien was inferior and subject to the mortgage lien of defendant thereinafter set forth.

Defendant then proceeds, as it is expressed, in "further answering said amended complaint," to set out in an orderly and usual manner as in a complaint or cross-complaint, and to aver that on the twenty-third day of January, 1889, the defendant, Parker, made to David Fuhrman his promissory note for two thousand dollars, payable one year after date, with interest at ten per cent per annum; the execution of a mortgage to secure the payment thereof, upon certain described land, being upon a part of the land described in plaintiff's mortgage, the due recording of the mortgage on the twenty-fourth day of January, 1889; that the note is due and unpaid; the death of Fuhrman, February 22, 1889; probate of his will; appointment of Harlow as administrator with the will annexed; that he duly qualified, etc.; that plaintiff and certain other named parties claim some interest in the premises or some part thereof, as purchasers, mortgagees, or otherwise, all of which interests and claims, except that of the defendant, Bithell, are subsequent to the lien of defendant's mortgage.

The prayer is in the usual form for foreclosure of the mortgage, sale of the property, etc.

In other words, although denominated an answer, it is in fact a cross-complaint. The court, in its findings and decree, designates it as a cross-complaint, and such in point of law it was and is.

So treating it the court found as follows:

"I find all the allegations of the defendant Harlow's cross-complaint true."

There is in the complaint no allusion to the mortgage of Fuhrman or to Harlow, except that as administrator, etc., he, in common with others, claimed some interest in the mortgaged premises, which was averred to be subsequent and subject to the lien of the plaintiff's mortgage, and should be foreclosed.

Harlow denied that the lien of plaintiff's mortgage was prior to his, as above set forth. This was all there was in the complaint for him to deny. Having set out the mortgage of his testator, and asked for its foreclos-

ure, he was entitled to make proof, as was done, of its due execution, etc. There was neither allegation nor proof that he had notice of plaintiff's mortgage. When Harlow's mortgage was recorded it was constructive notice to the world; and as against the prior mortgage of plaintiff, which had, before that time, been discharged of record, it is, in the absence of proof of actual notice, to be deemed prior in lien.

If there was actual notice of plaintiff's mortgage imparted to Harlow, it was an affirmative matter, the proof of which devolved upon plaintiff; failing in which, he cannot complain.

The judgment and order appealed from should be affirmed.

HAYNES, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

McFARLAND, J., FITZGERALD, J., DE HAVEN, J.

Hearing in Bank denied.