[No. 14212. Department One. April 26, 1918.]

SCHWABACHER BROTHERS & COMPANY, INCORPORATED,
*Appellant,* v. ORIENT INSURANCE COMPANY,
*Respondent.*[1]

INSURANCE—FIRE INSURANCE—ASSIGNMENT OF LOSS—KNOWLEDGE OF AGENT—LIABILITY OF COMPANY. Where the agent who solicited and wrote the insurance witnessed the assignment of the policy after the loss, and had full knowledge of the terms and conditions of the assignment, his knowledge is imputed to the company, although the agent failed to report the assignment; and the company is liable for paying out the loss in disregard of the rights of the assignee.

Appeal from a judgment of the superior court for King county, Hewen, J., entered April 19, 1917, upon findings in favor of the defendant, in an action on a fire insurance policy, tried to the court. Reversed.

*Grinstead & Laube,* for appellant.
*H. T. Granger,* for respondent.

MAIN, J.—The plaintiff, as assignee of W. C. Watson, brought this action to recover for the loss of property covered by a fire insurance policy issued by the defendant. The cause was tried to the court without a jury, and resulted in a judgment denying liability. From this judgment, the plaintiff appeals.

No bill of exceptions or statement of facts has been brought to this court. The question, therefore, is: What is the proper judgment under the facts as they appear in the findings of the trial court? These facts, so far as necessary to present the controlling question upon this appeal, may be stated as follows: The Orient Insurance Company, the respondent, is a corporation

Reported in 172 Pac. 568.

organized and existing under the laws of the state of
Connecticut, and authorized to do business under and
by virtue of the laws of this state. The policy-writing
agent of the company in the city of Raymond was Ed-
ward E. Little. The agent, Little, insured in the name
of the respondent company certain property belonging
to W. C. Watson, at Raymond, Washington. While
this property was thus insured, it was destroyed by
fire. The insurance company admitted its liability
under the policy in the sum of $750, the full face value
thereof. Soon after the loss occurred, Watson, the in-
sured, for a valuable consideration, assigned all his
rights under the policy to the appellant. This assign-
ment was in writing and was witnessed by the agent
who had solicited and written the policy. This agent
had full knowledge of the terms and conditions under
which the assignment was made. He did not, how-
ever, communicate this knowledge to the insurance
company. After this assignment was executed and de-
livered, the insurance company sent its draft, payable
to Watson, to its agent who had written the insurance,
with direction to deliver the draft to Watson and se-
cure the policy from him and return it to the office of
the insurance company at San Francisco. When the
draft was delivered, Watson surrendered the policy
to the agent and indorsed the draft to him, and the
agent subsequently used the money which he obtained
from the draft in payment of certain creditors of Wat-
son other than those who were provided for in the as-
signment to the appellant. The appellant, after learn-
ing that the assignment had been disregarded by the
agent and Watson, brought an action against Watson
and the insurance company. Apparently, judgment
went against Watson by default, and the only parties
here involved are the appellant, who claims under the

assignment, and the respondent, the insurance company.

The controlling question, as we view it, is whether the knowledge of the agent, Little, that the assignment by Watson had been made to the appellant after the loss occurred is imputable to his principal, the insurance company. If knowledge of this agent was knowledge to the company, even though not disclosed to the company, the case was not correctly decided by the superior court. On the other hand, if the insurance company is not chargeable with the knowledge of its agent not actually disclosed to it, the judgment should be affirmed. We think the case of *Gaskill v. Northern Assurance Co.,* 73 Wash. 668, 132 Pac. 643, is controlling here. In that case the agent was a policy-writing agent, as here. He had sold the property covered by the policy and other property to A. W. Amick and wife. At this time the policy which was upon the property was canceled. The agent solicited the rewriting of the business on behalf of the defendant company. The business was all transacted through A. W. Amick, the husband. The agent knew that the property covered by the policy which he rewrote in the defendant company was the separate property of Mrs. Amick, but "unthinkingly" wrote it in the name of the husband, A. W. Amick. The policy was delivered and paid for. The loss occurred during the term of the policy, and the defendant denied liability. The only defense advanced was that the policy was invalid because it insured the property in question in the name of A. W. Amick, whereas it belonged to Nettie B. Amick, his wife. It was there said:

"The sufficiency of that defense rests upon the question whether the knowledge of the true ownership possessed by the agent bound the appellant (the insurance company), as principal, so as to make the agent's mis-

take the mistake of the appellant, of which it cannot take advantage.''

The question was there fully discussed, and in the course of the opinion it is said:

''It is plain that the agent had actual knowledge that Mrs. Amick owned this property. He acquired this knowledge almost simultaneously with the writing of the policy. He does not claim to have forgotten it, but unhesitatingly says that he knew it all the time, but just 'unthinkingly' wrote it up in Amick's name. If there ever was a case in which actual contemporaneous knowledge of a material fact on an agent's part should be held to bind the principal, these facts present it. We held in *Deering v. Holcomb*, 26 Wash. 588, 67 Pac. 240, 561, that knowledge acquired by an attorney while employed by the principal a year before bound the principal in another independent employment of the same attorney by the principal after the lapse of that year, so as to start running the statute of limitations against the principal from the date of the last employment. We there said:

'' 'It is a general rule that notice to the attorney is notice to his client; that this rule applies to all notices arising in the progress of a case, or as to other matters in which the relation of attorney and client exists at the time of the notice, and it applies not only to knowledge acquired by the attorney in the particular transaction, but to knowledge acquired by him in a prior transaction in which he acquired material information, if the information was so precise and definite that it is or must be present to his mind and memory in the last transaction. *The Distilled Spirits*, 11 Wall. 356; 2 Pomeroy, Equity Jurisprudence, § 672; *Wittenbrock v. Parker*, 102 Cal. 93 (36 Pac. 374, 24 L. R. A. 197, 41 Am. St. Rep. 172).'

''To hold the principal affected with notice in that case where there was no continuous employment, and to hold the contrary in this case where there was a continuous employment covering the period when the knowledge was acquired, because the notice was acquired in a matter in which the agent was acting for

himself, would be to ignore the rationale of the rule, namely, that it was the duty of the agent to divulge the facts to his principal and to act upon them for his principal, if material to the business in hand, and present in his memory.''

The facts in the present case present as strong a case of liability as do the facts in that case. There, the knowledge that the property was covered by the policy of insurance was acquired by the agent in a private transaction of his own. Here, Little, the agent, solicited and wrote the insurance, witnessed the assignment of the policy after the loss, and had full knowledge of the terms and conditions under which the assignment had been made. We are unable to see wherein the *Gaskill* case can be distinguished from the present case. It is unnecessary to again review in detail the question, as it is fully discussed in the opinion in that case. Under the facts found by the trial court, the agent's knowledge of the assignment and its contents was binding upon the appellant, his principal.

The judgment will be reversed, and the cause remanded with direction to enter a judgment in favor of the appellant.

ELLIS, C. J., PARKER, FULLERTON, and WEBSTER, JJ., concur.