## In re CONRAD.

### (District Court, W. D. Washington, N. D.   March 1, 1923.) ·

#### No. 6807.

**Bankruptcy ⊚⊐172—Chattel mortgagee held entitled to proceeds of fire insurance policy.**

Where mortgagee of stock of goods· was assigned a fire policy on the goods to secure indebtedness to him long prior to any claim of the creditors under the Bankruptcy Act, the mortgage being filed, the assignment carried the insurance to the amount of mortgagee's indebtedness, and agreement to insure to secure the indebtedness carried a renewal of the policy, and the proceeds of the policy being paid to the debtor's trustee in bankruptcy, because the insurance company had no notice of the assignment, the mortgagee has an equitable title in or lien on the proceeds of the policy to the extent of the indebtedness.

In Bankruptcy.  In the matter of the estate of Carl Conrad, bankrupt.  Petition by Albert Dahl claiming equitable interest in proceeds of insurance policy.  The referee found in favor of petitioner, and the trustee seeks review.  Decision of referee affirmed.

Albert Dahl asserts a demand against the bankrupt estate, supported by his proof of claim of an equitable interest in the proceeds received from an insurance policy covering the stock of merchandise owned by the bankrupt, and thereafter destroyed by fire.  The referee found that the bankrupt, for value, on the 9th day of August, 1921, executed and delivered his promissory note in the sum of $1,500 to Albert Dahl, payable to his order 11 days after date, with interest at 8 per cent. per annum.  To secure the note the bankrupt executed a chattel mortgage covering the merchandise covered by the policy.  The chattel mortgage was filed in the auditor's office as provided by law.  On August 15th following the bankrupt, pursuant to an agreement made on the 9th day of August, 1921, "assigned in writing all of his interest in that certain policy of insurance covering the stock of goods and fixtures, * * * and that said assignment provided that it was the intention of the said Carl Conrad to transfer the fire insurance on said property, and to keep the said property insured at all times during the existence of said mortgage, said mortgage having failed to provide the same, and that the said insurance should be for the sole protection of petitioner, Albert Dahl"; that the execution and delivery of the note and the mortgage, and filing of the mortgage, and execution, delivery, and assignment of the policy of fire insurance, were all performed more than four months prior to the filing

⊚⊐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of the petition in bankruptcy; "that none of said acts were done with the intention to hinder or delay or defraud creditors, and that the execution of all said instruments was in good faith;" that on the 3d day of August, 1922, the stock of goods and fixtures were destroyed by fire, and the trustee of the bankrupt estate collected the sum of $2,000 on the policy of insurance, assigned to Albert Dahl, and renewed subsequent to said assignment in full payment of said loss, and then ordered that the claim of Dahl in the sum of $1,500 be declared an equitable lien upon the $2,000, the proceeds of such insurance policy. It was then decreed that the sum of $1,500 be held in trust by the trustee for Albert Dahl, and the said sum is directed to be distributed to said Dahl in full payment of his claim. The trustee, feeling aggrieved, has brought the matter here for review.

Lloyd R. Savage, of Seattle, Wash., for petitioner.
McClure & McClure, of Seattle, Wash., for trustee.

NETERER, District Judge (after stating the facts as above). From the findings, to which no exceptions are taken, the rights of the parties must be governed by the scope and object of the agreement. Wheeler v. Insurance Co., 101 U. S. 439, 442, 25 L. Ed. 1055. The object was indemnity for the loan; the rights were vested long prior to any claim of the creditors under the bankruptcy act. Notice of the claim of Dahl was given when the mortgage was filed a year prior to the loss. If the fire had not occurred, the mortgage would have been a prior lien upon the estate. The stock of goods was a part of the estate upon which Dahl had a prior lien, but the proceeds of the policy of insurance are separate from the estate. In re West Norfolk Lumber Co. (D. C.) 112 Fed. 759. The assignment in writing undoubtedly carried the insurance to the amount of Dahl's indebtedness, to secure which it was taken, and the agreement to insure to secure the indebtedness undoubtedly carried the renewal as well. Wilder v. Watts (D. C.) 138 Fed. 426; Swearingen v. Insurance Co., 52 S. C. 309, 29 S. E. 722; Hanson v. W. L. Blake & Co. (D. C.) 155 Fed. 342. The issue before the court is not whether the assignment would be good as against the insurance company; it not having notice. The money being paid to the trustee, the only question is the equity between the creditors. In re Zitron (D. C.) 203 Fed. 79. And upon this issue there can be no question. The cases cited by the trustee[1] are all readily distinguished from the issue which is before the court. The decision of the referee is affirmed.

[1] Cascade Co. v. Journal Co., 1 Wash. 452, 25 Pac. 331; Schwabacher Co. v. Orient Ins. Co., 101 Wash. 449, 172 Pac. 568; In re Hamilton (D. C.) 4 Am. Bankr. R. 543, 102 Fed. 683; Hanson v. Blake (D. C.) 155 Fed. 343.