**SHERWOOD et al. v. SHERWOOD et al.**
**(No. 6367.)**

(Court of Civil Appeals of Texas. San Antonio. April 14, 1920. On Motion for Rehearing, May 12, 1920.)

**1. Wills ⊙═292—Subsequent instruments properly excluded from evidence when not sufficiently proven.**

In proceedings to probate holographic will, two instruments of later dates, also alleged to be wills of testatrix, which court held not sufficiently proven to entitle them to probate, *held* inadmissible in evidence for any purpose.

**2. Wills ⊙═52(1), 289—Proponents under duty to show execution and testatrix's capacity.**

When testamentary instruments were presented for probate, duty devolved on proponents to show not only proper execution, but also testatrix's mental capacity to make a will.

**3. Wills ⊙═384—Exclusion of subsequent testamentary instrument harmless to proponents.**

In proceedings to probate a will, any error in excluding from evidence testamentary instruments subsequently executed by testatrix *held* harmless to proponents.

Appeal from District Court, Kendall County; R. H. Burney, Judge.

Proceeding to probate a will by Walter Sherwood and another, contested by Hez. Sherwood and others. From judgment denying probate, proponents appeal. Affirmed.

George F. Powell, of San Antonio, and W. F. Hays, of Boerne, for appellants.

Claud J. Carter, Ben H. Kelly, and Ernest Fellbaum, all of San Antonio, for appellees.

MOURSUND, J. Mrs. Mary A. Sherwood died August 21, 1918. Her sons, Walter and Charles, filed an application to probate as her will an instrument dated April 16, 1913, purporting to have been witnessed by H. F. and Sam Hamblen. By amended application they sought to probate said instrument, and in the alternative, if for any reason probate thereof should be denied, then that an instrument dated January 26, 1904, be admitted to probate as her will, and if for any reason it could not be probated, then that an instrument alleged to be a holographic will, dated September 23, 1903, be admitted to probate.

This application was contested by Hezekiah Sherwood, a son, and Frank Sherwood, Walter Sherwood, and Lillie Gambs, grandchildren of Mrs. Mary A. Sherwood, on the ground that at the times of the execution of the alleged wills Mrs. Sherwood was mentally incompetent to make a valid will, and on the further ground that undue influence had been exerted by the proponents to procure the execution of said instruments.

---

⊙═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The county court admitted the instrument dated April 16, 1913, to probate, and an appeal was taken. In the district court the case was submitted on special issues in answer to which the jury found that the instrument alleged to be a holographic will and alleged to be of date September 27, 1903, was not wholly in the handwriting of Mary A. Sherwood; that Mrs. Sherwood did not have testamentary capacity at the time said instrument was made or at the date of either of the other two instruments sought to be probated; and that no undue influence had been practiced to procure the execution of either of the instruments.

Judgment was entered upon this verdict, refusing to admit either instrument to probate as the will of Mrs. Sherwood.

The issues were submitted without objection, but it is now sought to be contended that those unfavorable to the appellants are contrary to the undisputed evidence. Hez. Sherwood testified positively that the instrument dated September 27, 1903, was not in his mother's handwriting. He testified that an instrument dated February 27, 1902, was in his mother's handwriting, and Walter Sherwood admitted that it might be his mother's writing, and that he thought the signature thereto was made by his mother. Other instruments were examined by witnesses for purposes of comparison. These original instruments do not accompany the record. We conclude that we would not be authorized to set aside the finding that the alleged holographic will was not in the handwriting of Mrs. Sherwood.

Much evidence was introduced relating to Mrs. Sherwood's mental condition, but only a comparatively small portion is contained in the statements in the briefs. We conclude that the evidence is sufficient to support the three findings relating to testamentary capacity.

[1-3] It is contended that the court erred in not admitting in evidence the instruments dated January 26, 1904, and April 16, 1913, alleged to be wills, and also in excluding certain portions of the depositions of the witness Carry Ross. The testimony of Carry Ross had absolutely no bearing on any issue submitted to the jury. The instruments mentioned were not in the handwriting of Mrs. Sherwood, but had been written by an attorney. The testimony of the attorney concerning what Mrs. Sherwood told him would probably throw some light on her mental condition, but to show what the attorney wrote as her will would not tend to show her mental condition. After proof has been made of mental capacity, the language of the will can be held to have been adopted by the signer, but the fact of signing does not tend to show such capacity.

We conclude that no error was committed which could affect the jury's findings on the issue of testamentary capacity. Copies of the three instruments relied on as wills were attached to the application, and the originals presented for probate, but the court, being of the opinion that those of 1904 and 1913 were not sufficiently proven to entitle them to probate, declined to admit same in evidence for any purpose, and, in addition to the complaint concerning their exclusion, the appellants also contend that the court erred in submitting the issues relating to testamentary capacity, basing such contention on the theory that, unless the instruments were admitted in evidence, any issue as to the capacity to execute the same was an immaterial one, and should not have been submitted. No objection of this kind was urged in the trial court. When the instruments were presented for probate, the duty devolved upon proponents to show not only the proper execution of the instruments, but also mental capacity to make a will. If they failed in either respect, the instruments could not be admitted to probate. They failed to establish the necessary mental capacity, and therefore the judgment refusing to probate any of the instruments is correct. It appears that, if any error was committed in refusing to let the instruments be introduced in evidence, such error was harmless. We are inclined to the view that neither of the instruments thus excluded was sufficiently proven to entitle the same to probate, but, as the judgment is correct in view of the findings of the jury, it will not be necessary to discuss proof of execution or base our decision upon a finding on our part relating thereto.

Judgment affirmed.

On Motion for Rehearing.

We were in error in stating that the jury found Mrs. Sherwood did not have testamentary capacity at the time of the date of the instrument relied on as a holographic will. The issues were so drawn as not to require a finding upon such point if it was found that the instrument was not wholly in the handwriting of Mrs. Sherwood.

We conclude that the questions raised were correctly decided, and overrule the motion for rehearing.