### SHERWOOD et al. v. KELLY et al.
· (No. 7040.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 5, 1923. Rehearing Denied Jan. 10, 1924.)

1. Partition ⬤108—Partition sale not subject to collateral attack in trespass to try title.

Where in partition title and possession of the land is placed in hands of a receiver, with directions to sell it freed from claims of all persons, and pursuant to such order sale is made, confirmed, and deed executed, one made a party to such proceeding cannot subsequently attack the sale collaterally in trespass to try title.

2. Partition ⬤53 — Receivership draws to court possession and custody of property.

Where in partition, title and possession of property is placed in hands of the court's receiver, such receivership draws to the court possession and custody of the property for ultimate disposition.

3. Partition ⬤108—Remedies for irregularities in sale stated.

The remedy of a party to a partition suit for irregularities in the partition sale is by timely calling them into question by appeal

from the court's ruling on proper motion made and filed in that cause or by bill of review for cause to set the sale aside in the same proceeding, and not in an independent suit of trespass to try title to recover the land.

**4. Action ⬤⟶45(2)—Action of tort against purchasers at partition sale cannot be joined with action to set aside sale.**

In trespass to try title seeking to set aside a receiver's sale of land made by court order in partition, there cannot be joined against the purchasers at the sale an action for tort for being ejected from the premises by the receiver and for consequent damages to crops and personal property removed.

Appeal from District Court, Kendall County; R. H. Burney, Judge.

Trespass to try title by Chas. Sherwood and others against Ben H. Kelly and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Geo. Powell, of San Antonio, for appellants.

Douglas, Carter & Childers, Ben H. Kelly, and Ernest Fellbaum, all of San Antonio, for appellees.

COBBS, J. This is a suit filed by appellants against the appellees in the ordinary form of an action in trespass to try title to land and for rents, joining therewith an action to recover damages for an alleged tort. The parties, or some of them, in respect to the same property, have been before this court before. Sherwood v. Sherwood, 221 S. W. 658; Id., 225 S. W. 555. In cause No. 602, Sherwood et al. v. Walter Sherwood et al., in the district court of Kendall county, in which appellants were parties, a decree of partition was entered between all the parties thereto. It being ascertained by the court that the property could not be fairly and justly partitioned between the owners, the property in this controversy was consequently placed in the hands of Joe H. H. Graham as the receiver of the court, who duly qualified as such, and who was by the court ordered and directed to sell such property, which the receiver undertook to do by advertising the same, giving the time and place for its sale at public outcry at the court house door at Boerne, Tex., within the legal hours of sale, and at said sale the appellees having bid the sum of $3,000, being the highest and best cash bid offered, it was sold to them, which sum of money was duly paid by them to the receiver. The receiver reported the sale to the court. It was confirmed, and, as directed by the court, the receiver conveyed to them the property.

The prayer of the petition was for rents and damages growing out of the alleged tort, and to "vacate and set aside the sheriff's deed." As the appellant alleged the sale was made by the receiver, we presume appellant meant to say receiver's deed instead of sheriff's deed.

Appellant joined in this ejectment suit, or possessory action, an action sounding in tort and seeking to recover damages against appellees for injury to his alleged growing crop, and further alleging as ground therefor that appellees "caused the receiver, the sheriff of Kendall county, and his deputy to seize plaintiffs' premises and forcibly and violently dispossess plaintiffs of their home and premises; turned out plaintiffs' live stock and put in the street plaintiffs' corn, hay, oats, and feed which were on said premises, and whereby many of said live stock and cattle were lost, and much of plaintiffs' corn, hay, and oats spoiled, an exact estimate of which they cannot make at this time, but say they have, because of the acts and wrongs of defendants in dispossessing them, suffered damages in the sum of $2,500.00."

The appellees filed general and special exceptions, pleas of res adjudicata, and not guilty.

After hearing all the evidence the court instructed a verdict.

[1, 2] If this be treated as appellants seek to have it treated, a suit in trespass to try title, then they have shown no title thereto, for the title and possession thereof was placed by the court for partition in the hands of the court's receiver, who was directed to take possession and to sell the land freed from the claims of any and all persons. That is the effect of any receivership of property. It draws to the court the possession and custody of the property for its ultimate disposition, so that purchasers may take title thereto against all the parties by sales made under the direction and orders of the court. That sale was made as the act of the court through its receiver, who duly reported the sale to the court; being a part of the proceedings to which appellant was a party. The report was duly confirmed and deed executed to the purchaser under the court's order. From these proceedings there was no appeal taken by appellants, that being the only way it could be considered here. It cannot be attacked collaterally, as now attempted.

[3] Although there may have been irregularities in the sale, as alleged, yet, as appellant was a party to those proceedings, they could only be timely called into question by an appeal from the court's ruling upon proper motion made and filed in that cause, not in an independent action in trespass to try title to the land as done here, but by a proceeding in the nature of bill of review for cause to set the sale aside in the same proceeding, not in an independent suit as here attempted to recover the lands.

In making this partition the court seemed

to follow the practice pointed out in such cases by the case of Moore v. Blagge, 91 Tex. 151, 38 S. W. 979, 41 S. W. 465, and others. That method is a plain and simple one, and has been of inestimable value to parties in securing safe, adequate, and simple methods of partition between heirs and estates.

[4] In an independent suit like this, in trespass to try title to lands, seeking really independently to set aside a sale of real estate made by the order of a court of competent jurisdiction for the purposes of partition of lands, there cannot be joined against the purchasers thereof an action for tort for being ejected from the premises by the receiver, and recovery of consequent damages to crops and personal property removed.

We find no reversible error assigned, and the judgment is affirmed.