### SHERWOOD et al. v. SOUTH et al.
### No. 8456.

Court of Civil Appeals of Texas. San Antonio.
June 4, 1930.

Rehearing Denied July 2, 1930.

Harry A. Nass and Marcus W. Davis, both of San Antonio, for appellants.

Raymond Edwards, Matlock & Kelly, W. A. Wurzbach, and Bernard Ladon, all of San Antonio, for appellees.

COBBS, J.

Appellants brought this suit against appellees to set aside a certain sale on the ground of fraud and to recover the property. The court sustained a general demurrer to the petition, and dismissed the cause of action. We have gone to the transcript to examine the sufficiency of the pleadings and make a correct statement.

It is alleged that the defendant South, a practicing lawyer, called at appellants' house, and fraudulently represented to them that he was an experienced and competent lawyer, a friend to them, and wanted to help them to successfully dispose of their litigation, and promised to aid plaintiffs, and counsel and advise them, from time to time, so that they would know how to best protect their interests in their property and their rights involved in cause No. B. 32726, styled Butler L. Knight v. Charles Sherwood, and cause No. B–32,727, styled Butler L. Knight v. Walter Sherwood, then pending in the Seventy-Third district court of

Bexar county; and he further told plaintiffs that their lawyer, who was then representing them in said litigation, was incompetent, and that appellants would suffer loss unless said South was permitted to assist them. Appellants further alleged that all of said representations of said South were false and fraudulent, and that they were made for the purpose of gaining the confidence of appellants, which enabled him to overreach and defraud appellants.

Appellants alleged: That, at the time said representations were made to them by said J. B. South, they were uninformed as to the law and procedure in said litigation, and were unlearned and unlettered men, and, by reason of their mental distress due to said litigation, were easily influenced to act upon his representations, and were unable to protect themselves against the fraudulent design of said attorney. Appellants, believing said representations of J. B. South, placed implicit confidence in him, and revealed to him all the facts and confidential information relative to all of the litigation in which they were then interested, being the two suits hereinbefore named in the district court, and a damage suit pending in the Court of Civil Appeals, Fourth Supreme judicial district of Texas, wherein they were appellants and Ben Kelley and others were appellees. That said South, after gaining the confidence of appellants, and after receiving all said confidential information from them, fraudulently used the same to deceive, defraud, and cheat plaintiffs out of their property. On the 9th day of January, 1924, the Court of Civil Appeals denied a motion for rehearing in the cause styled Charles Sherwood et al. v. Ben H. Kelley et al., No. 7040 (257 S. W. 278), and the court costs in said cause were adjudged against appellants herein. That South, while acting as their attorney and alleged friend, purchased said bill of costs amounting to $38.10, representing to appellants that he had purchased said cost bill for their use and benefit to help them and prevent any person from purchasing same and causing a sale of their property at a sacrifice, and stating that others, whose names he did not reveal, were arranging to buy said bill of costs and judgment; all of which representations were material and falsely made to deceive appellants and to aid him in securing the title to said property.

Appellants alleged that but for the false and fraudulent representations and acts of said South they would have paid all said court costs, and would have thereby saved the loss of their property; and that they tendered to J. B. South the amount of said court costs, together with lawful interest thereon, and requested reconveyance of their

property to them, which had been sold to said South under execution to satisfy said judgment for costs, but that said South failed and refused, and still fails and refuses, to accept said tender and reconvey said property to appellants, and the tender was continued in court with 6 per cent. interest.

Appellants did not discover the said fraud of J. B. South, acting alone and in collusion with one Carlos Bee, and they were unable to discover said fraud until a short time before the filing of this suit, on February 25, 1928; and, when they did discover said fraud, they refused to confide further in said South, and informed him that they had repudiated said fraud and all of his acts in connection with their said property.

Appellants alleged that it was agreed and understood by and between them and said South that he should purchase said cost bill and hold the same until such time as appellants would repay him, all of which appellants were at all times ready, willing, and able to do, and would have done but for the fraud of said South; that said South, in disregard of said agreement and understanding, and in order to defraud appellants, caused execution to issue on said judgment for said costs and sale of the property thereunder by the sheriff of Bexar county, all in fraud of appellants' rights and without their knowledge or consent; that, after South purchased said bill of costs and judgment, he demanded that appellants pay him $60 as a fee to act for them in said litigation contrary to his promises and representations, and in violation of the trust appellants had reposed in him as a friend, and, when appellants refused to comply with his demand, South, without the knowledge or consent of appellants, caused execution to be issued on said judgment for costs, and caused the same to be levied on the following described joint property of appellants, and caused it to be sold in satisfaction of said judgment:

"All those certain lots or parcels of land, situated within the corporate limits of the City of San Antonio, in Bexar County, Texas, and known and described as lot number five (5) in block number twenty-five (25), New City Block five hundred and seven (507) together with the improvements thereon, which said property and improvements are now and were at the time of said levy and sale of said property of the reasonable market value of three thousand and five hundred ($3,500.00) dollars; and also lot number ten (10), new City Block two thousand three hundred and six (2306) and the improvements, thereon, which said last mentioned property and improvements are now and were at the time of said levy and sale of said property of the reasonable market value of three thousand and five hundred ($3,500.00) dollars.

"That under and by virtue of said execution and its levy as aforesaid on plaintiffs' said joint property, which levy of said execution was made by the Sheriff of Bexar County, Texas, on or about the 9th day of October, A. D. 1924, and which said execution was issued on said judgment for court costs in said cause number 7040 by the Clerk of said Court of Civil Appeals on or about the 9th day of January, A. D. 1924, said defendant J. B. South, caused plaintiffs' said property of the then reasonable value of seven thousand ($7,000.00) dollars to be sold for the grossly inadequate price of thirty-eight ($38.10) and 10/100 dollars and costs incident to said sale in satisfaction of said judgment for court costs, all in violation of his said promises and representations and in fraud of the right of plaintiffs."

South was the sole and only bidder at said sale, and said property was sold and conveyed to him by the sheriff for the sum of $56.50, in satisfaction of said judgment for court costs, and the cost incident to making the sale. Appellants alleged that on or about February 25, 1928, for the first time they discovered the fraud of said J. B. South and Carlos Bee, acting individually and as confederates in deceiving and defrauding appellants, which could not, by the exercise of ordinary care, have been sooner discovered by them, and within a reasonable time they repudiated said fraud and filed suit on March 1, 1928.

Thereafter, on or about December 10, 1924, J. B. South filed suit against appellants in the district court of Bexar county, being No. B–38,443, styled J. B. South v. Charles Sherwood and others, in which he sought to recover of appellants the title to and possession of said property and for damages, and for the rental value of said property. During appellants' absence from court, South, acting in collusion with Carlos Bee, procured a judgment against appellants for the land and $1,000 for damages and rents and for costs; to which suit appellants had a good and meritorious defense, based upon the alleged fraud of South and Bee; that South had no title to the land, and there were no costs due in said proceeding, South having paid all costs of court for appellants; that on account of the alleged fraud of said South and Bee the alleged purchasers and lienholders are not innocent purchasers and lienholders, and took said properties subject to appellants' title, right, and interest in the property.

Appellants gave Carlos Bee all the alleged facts in regard to South's connection with the matter, and instructed Bee to defend them in South's suit against them. This Bee agreed to do, and appellants relied on his promises to represent and defend them, but he fraudulently failed to do so.

On account of Bee's and South's deceitful acts and conduct, appellants were not permitted to defend their suit by competent and honest lawyers, and this directly caused and induced appellants to suffer the rendition of the judgment against them in their absence. If South and Bee had not fraudulently deceived them, they would have appeared at said trial and presented their defense, and would have defeated the false and fraudulent claims and allegations of South, and would have saved their property from loss.

They were able to pay, and would have paid, the costs, and would have appeared and defended said suit, but for the fraudulent advice of said Bee that it would not be necessary for them to do so; and that this fraud and deceit on the part of Bee kept them from appearing and defending and from tendering said costs in court.

Because of the wrongful and fraudulent advice of said Bee in conjunction with South, the appellants were unable to prevent the sale of all their property under the execution, when either one of the lots with the improvements would have satisfied the costs, and to prove the inadequacy of the price paid for their properties.

It is charged that South made pretended sales to other parties without any consideration whatever, in order to place the property beyond the reach of appellants, and that said purchasers took the same with full notice of all the vice and fraud in the transaction, and full knowledge of appellants' possession and claims thereto, and with full notice of the inadequacy of the price paid for same as set out in the sheriff's deed.

Appellants further plead:

"That heretofore, to-wit: on the 11th day of April, A. D. 1927, the said J. B. South in causes numbered B–46,326 and B–46,327, respectively, styled J. B. South v. Boerne State Bank, Garnishee, and J. B. South v. Citizens State Bank, Garnishee, both of said garnishees being located at Boerne, Texas, sued out writs of garnishments in this court in said suits based on said fraudulent judgment in his favor and against plaintiffs, which writs of garnishments, were duly served on said garnishees. That said garnishment suits are now pending upon the docket of this court and the said J. B. South, said garnishees and their respective attorneys of record are pressing for the trial of said garnishment suits, and are threatening to and will try the same before the trial of this cause and thereby prevent plaintiffs from attacking said fraudulent judgment in favor of said J. B. South and against them, and will thereby cause plaintiffs to suffer defeat and great loss in said garnishment suits, as there has been money placed on deposit in both of these banks to their credit by Otto Schweppe, Clerk of the District Court of Kendall County, Texas, unless this court enters its order herein

temporarily and permanently enjoining and restraining said J. B. South, said garnishees, the attorneys of record of each of them, their servants, agents, officers and employees and those acting for them and each of them from trying and causing to be tried said garnishment suits. That if it should be found and held in this case that said judgment upon which said garnishment suits are based is and was fraudulent and void and should be canceled, annulled and set aside, then plaintiffs will plead the judgment of this court in this cause in bar of any claim made or to be made, by said J. B. South in said garnishment suits. That as to said garnishment suits and plaintiffs prayer for a writ of injunction as aforesaid they say that they are without a full, complete and adequate remedy at law.

"That since plaintiffs charge herein that said judgment by J. B. South against them was procured through fraud, and since it appears that said J. B. South by reason of his said fraud has obtained the apparent title to plaintiffs' said property of the reasonable value of seven thousand ($7,000.00) dollars in satisfaction of a cost bill amounting to thirty-eight ($38.10) and 10/100 dollars, a sum so grossly inadequate as to show fraud from the face of the said proceedings, it would be inequitable and unconscionable for said injunction not to be granted and the trial of said garnishment suit postponed until this cause can be tried on its merits.

"Wherefore, plaintiffs pray that the court grant its temporary writ of injunction enjoining and restraining said J. B. South, Boerne State Bank and Citizens State Bank, Garnishees, their respective attorneys of record, the officers, agents, servants, employers and those acting for and on behalf of said J. B. South and said garnishees from trying or causing to be tried the said garnishment suits, being numbered B–46,326 and B–46,327, upon the docket of this court, wherein J. B. South is plaintiff and Boerne State Bank is garnishee in cause number B–46,326 and Citizens State Bank is garnishee in cause number B–46,327.

"Plaintiffs further pray that upon the final trial of this cause upon its merits, said temporary injunction be in all things perpetuated and made permanent."

The petition is very lengthy and very much reiterated and very prolix. Since a general demurrer was sustained to it, we have very fully set out the pleading, which saves us from a discussion of the facts.

It seems appellants have had some difficulty, as disclosed, in the selection of their attorneys. At any rate, in passing upon a general demurrer which being sustained caused the dismissal of the suit, we are required to give to it great scrutiny as constituting a fundamental error. Where at-

torneys acquire title of their client, against the client's interest, as here, such transaction will be closely scrutinized and set aside in a proper case.

[2-5] When attorneys obtain confidential information from their clients for the purpose of using it in their own interest to invest themselves with the cost title, it is a jury question. It presents an issue of fraud and a jury question of damages. So also when the attorney willfully and improperly advises his client and colludes with the attorney instituting suits against the client's interests, and improperly insists upon a compromise, and then ultimately permits the attorney who instituted the suit to take judgment without the knowledge or consent of the client and in fraud of their rights, it is error in the court to deny a jury trial to the plaintiff on the issue of fraud and collusion and damages. Such a judgment under the alleged facts shows a basis for the suit that presents a jury question. Such facts may be the basis of a suit based upon the wrongful and fraudulent conversion of property, and it will prevent the running of the statute of limitations until discovered.

Now the material allegations allege a fraud committed by South on account of an irregular levy and sale under an execution of property. The property was sold for an unconscionable and grossly inadequate price, and was fraudulently bid in by South, the attorney for appellants herein, for himself in a sale caused by him, and this constituted fraud. It is based upon a fraudulent levy and sale; and the attorney was not authorized to make any agreed judgment and cause a sale of the property, and he was certainly not authorized to purchase the property in for his own use and benefit. Indeed, a trust relation existed between South and appellants, and such purchase will be treated as one made in trust for the benefit of the clients.

In this case, when the property was sold, the appellants were in possession of same, using, enjoying, and claiming it and their possession gave notice and put the purchasers under the fraudulent sale upon notice and inquiry, as well as the other notice they had.

The general demurrer for the sake of the trial admits as true all the allegations contained in the pleading.

The pleading alleges fraud committed by the attorneys whose obligation was to fairly, honestly, and fully represent appellants. It is alleged that South, instead of so representing his clients, acquired a cost bill of an insignificant amount for his own benefit; and, after acquiring it, he purchased appellants' property at execution sale, for his own benefit, without his clients' knowledge and consent. After discovering this fraud, appellants brought suit against him, and employed Carlos Bee, another attorney at the bar, to bring their suit against South. Carlos Bee accepted the employment, but did not faithfully represent them, but in concert with South entered into an agreement whereby, in the absence of appellants and without their knowledge or consent, the entry of a judgment was secured against appellants, which denied them any recovery whatever and confirmed the title of the property in South.

It is too clear for discussion that the appellants herein stated a cause of action that should go to a jury.

The citation of authorities and discussion thereof is unnecessary.

The parties purchased said property under such circumstances as to show they are not innocent purchasers for value.

For the reasons given, the judgment is reversed and the cause remanded for another trial.