## McNEAL v. STEINBERGER.

No. 30487. March 16, 1943.

*135 P. 2d 490.*

G. G. Hilford, of Tulsa, for plaintiff in error.

Woodson E. Norvell, of Tulsa, and George E. Norvell, of Seminole, for defendant in error.

PER CURIAM. On the 1st day of July, 1936, Clint C. Steinberger, hereinafter called plaintiff, filed an action against P. A. McNeal, defendant, to recover $200, with interest and attorney fee, as damages for breach of a trust. A judgment was rendered for the plaintiff on trial to the court without the intervention of a jury, and defendant appeals.

The evidence tends reasonably to disclose that plaintiff secured a judgment against C. S. Fenwick and that said judgment was obtained several years prior to the dealing between plaintiff and defendant. Plaintiff assigned this judgment to the defendant for collection, and on June 2, 1931, defendant took a note in the principal sum of $250 executed by Harry Majors and Mrs. Hallie Kreiger dated the same date and due one year after date. On the same date defendant released the judgment held by plaintiff against C. S. Fenwick.

Defendant in his appeal has presented three propositions, which shall be considered in their order of presentation. It is first argued that plaintiff's cause of action is barred by the statute of limitations. With this contention we cannot agree. Plaintiff testified that he knew nothing of the taking of the note for $250 until October 12, 1935, and the trial court found that plaintiff did not know of the breach of trust until a few months before the filing of the action. Under 12 O. S. 1941 § 95, subd. 3, the action was filed within time. Harris v. Smith, 149 Okla. 277, 300 P. 392.

The question as to when fraud is discovered or could with reasonable diligence have been discovered under the 3rd subdivision of 12 O. S. 1941 § 95 is one of fact to be determined from the relationship of the parties, the nature of the acts involved and all the facts and circumstances of the particular case. Illinois Oil Co. v. Pender, 137 Okla. 82, 277 P. 1026; Mansfield, Brunson, Kemp & Ahrens v. King, 160 Okla. 243, 16 P. 2d 87.

The defendant's next proposition is that his demurrer to the plaintiff's evidence should have been sustained because plaintiff failed to prove he suffered any loss. This contention cannot be sustained. The relation of the parties as principal and agent was of a fiduciary nature. Parr v. Insurance Co., 44 Fed. 2d 567. Where the agent undertakes to collect a judgment but takes a note or other evidence of the debt, it is quite generally held that the damages are presumed to be the amount of the judgment. Without proof to overcome this presumption the measure of damages would likewise be the amount of the judgment. The burden

would be on the defendant to overcome the presumption by proof. He offered no testimony on the question of damages. The assignment of the judgment with the agreement to collect the judgment having created the relationship of agent and principal, from then on defendant owed the duty faithfully, honestly, and consistently to represent plaintiff's interest and protect his rights. He was bound to discharge his duties to plaintiff with the strictest fidelity and observe the utmost and highest good faith toward him. 5 Am. Jur. § 46, p. 286. Whether the action be based upon fraud at law or a breach of trust in equity, the date on which plaintiff first discovered that the note had been taken and the judgment released would be the date from which the statute of limitations begins to run. Dumbadze v. Lignante, 244 N. Y. 1, 154 N. E. 645. See, also, Sherwood v. South (Tex. Civ. App.) 29 S. W. 2d 805; Hoke v. Simonton (Tex. Civ. App.) 46 S. W. 2d 1013. Before the defendant accepted the note he should have contacted plaintiff and followed his lawful directions. 5 Am. Jur., supra. When he failed to do so he assumed the resulting damage to the plaintiff. It is the duty of an agent to advise his principal promptly whenever he has information to give which it is important that the principal receive. Baker v. Humphreys, 101 U. S. 494, 25 L. Ed. 1065; Whittenbrock v. Parker, 102 Cal. 93, 36 P. 374, 24 L.R.A. 197, 41 Am. St. Rep. 172. The defendant had no right to place the release of record and then plead laches of the plaintiff in not discovering it. The trial court reached the correct conclusion in holding that there was proof of damages to the amount of the judgment with interest.

Finally the argument is presented that there is no basis for the finding of fraud and deceit. The court found that the release of the judgment after the taking of the note of Harry Majors and Mrs. Hallie Kreiger to C. S. Fenwick in lieu of said judgment constituted fraud upon the plaintiff in the case and was in violation of the agreement between the parties; that plaintiff had no knowledge or notice of the taking of this note in lieu of the judgment until a few months before the filing of this action. This finding is sustained by the record as stated above.

The action was not barred by the statute of limitations. See Harris v. Smith, supra. There is substantial testimony supporting the finding of the trial court, and we hold, after examining all of the propositions presented by the defendant, that substantial justice has been done by the judgment entered, and the same is hereby affirmed.

CORN, C. J., GIBSON, V. C. J., and RILEY, OSBORN, BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.