BUSBY v. EAVES.

No. 33243.    July 17, 1951.

Rehearing Denied Oct. 30, 1951.

Application for Leave to File Second Petition for Rehearing Denied Nov. 20, 1951.

*237 P. 2d 445.*

L. H. Harrell, W. V. Stanfield, and A. W. Trice, Ada, for plaintiff in error.

Turner M. King and Carloss Wadlington, Ada, for defendant in error.

PER CURIAM. This action was brought to judicially determine the heirs of Lucy J. Roberson, nee Huddleston, and to quiet title to the real estate described, which was a part of the Choctaw Indian allotment of Lucy J. Huddleston, who died in 1917.

Suit was brought against numerous named defendants and against the heirs of Lucy J. Huddleston-Roberson and her executors, administrators, devisees, trustees and assigns, immediate and remote, known and unknown. Service by publication was duly had and upon trial judgment and decree was rendered and entered determining the heirship and quieting the title of plaintiff and the many grantees to the land involved on May 2, 1945.

At the death of Lucy J. Huddleston-Roberson, she was survived by her husband, J. B. Roberson, and their three children, Geneva Pauline Dennis, nee Roberson, James Herbert Roberson and William Brice Roberson. The decree in the instant case adjudged them to be her sole and only heirs, and no contention is made of any error as to that. That judgment and decree further found that J. B. Roberson died December 30, 1943, and that his estate was duly administered upon in the county court of Pontotoc county, and that his three children above named were his sole heirs and when the probate of his estate was duly concluded that was duly adjudged in the county court, and his estate and his remaining interest in his inheritance from his wife, Lucy J. Huddleston-Roberson, was vested in said three children, Geneva Pauline, James Herbert and William Brice.

That judgment and decree then quieted the title of the Sunray Oil Corporation in the fee title of surface rights of 60 acres of the land involved, and in a stated interest in and to the mineral rights of 60 acres of the land involved; in the Norris Royalty Company as to a stated interest in and to the mineral rights in 45 acres of the land involved; in Robert J. Wimbish in and to a stated interest in the mineral rights in and under a described 45 acres of the land involved; in Pauline Dennis, nee Roberson, James Herbert Roberson and William Brice Roberson each a stated undivided interest in and to the mineral rights in and under a described 320 acres of the land involved; in Orel Busby the fee title or surface rights or interests in 100 acres of the land involved, and a stated undivided interest in and to the mineral rights in and

under 220 acres of the land involved, and in J. W. Pegg a stated undivided interest in and to the mineral rights in and under 20 acres of the land involved.

Some years thereafter Hope V. Eaves filed in said action her motion to vacate and open up the judgment, alleging that she was a child of J. B. Roberson, deceased, and inherited from him a one-twelfth interest in and to the lands involved. She alleged that she was a resident of the State of California, and had no actual notice of the existence of the action prior to September 15, 1946; that she was not personally served with summons, and that a copy of the notice by publication and copy of the petition were not mailed to her. She attached to her motion an answer and cross-petition, and asked the trial court to vacate the judgment and grant a new trial, and that she be let in to defend the action and to assert her rights.

Written notice of the filing of this motion or petition was served upon Orel Busby, but no notice of any kind was served on the Sunray Oil Corporation, Norris Royalty Company, Robert J. Wimbish, Pauline Dennis, nee Roberson, James Herbert Roberson, William Brice Roberson, or J. W. Pegg.

Orel Busby filed his response to the Eaves motion in which he questioned the sufficiency thereof and moved its dismissal for failure of Eaves to serve notice on all the various parties who were interested in such judgment as above set out, and because said motion constituted an attempt in the quiet title action to ignore the probate proceedings in the administration of the estate of J. B. Roberson wherein his heirship was determined and his estate distributed by final decree. It was specifically asserted in the Busby response that the Eaves motion did not state a right or cause of action to vacate the quiet title judgment.

The Busby response also discloses that between the rendition of judgment and the filing of the Eaves motion or petition, Busby had disposed of all of his interest in the property involved, which conveyances were of record long before filing of the Eaves motion and notice thereof, and that no notice was given to any of such grantees.

After a hearing the trial court denied the contentions of Busby and sustained the Eaves motion, and ordered that the quiet title judgment be opened, and that Eaves be let in to defend, and ordered that her cross-petition, attached to her motion, be filed as her defense to the original action to determine heirship of Lucy J. Huddleston-Roberson, and to quiet title to the land involved. From that order and action of the trial court, Busby prosecutes this appeal.

As ground for reversal it is contended that the trial court was without jurisdiction or erred in reopening the judgment for lack of notice upon the adverse parties under the statute, 12 O. S. 1941 §176.

It may be that no notice was necessary as to Busby's grantees who took title subsequent to the original judgment as above set out. Perhaps Swartz v. Fariss, 181 Okla. 115, 72 P. 2d 738, would be authority for that conclusion, but it is difficult to see how such purchasers could have their titles placed in jeopardy without any notice or knowledge, or have the amount of their interests diminished without notice or knowledge or any day in court. But be that as it may, we are convinced that the term "adverse party" as used in the statute includes all those who took a definite interest in the real estate in the judgment which is sought to be vacated or opened. This alone would require reversal of the trial court's action, because of the numerous parties who obtained stated benefits in and by the judgment, while only Busby was served with notice of the motion to open or vacate it.

It is pointed out in Franklin v. Hunt Dry Goods Co., 190 Okla. 296, 123 P. 2d 258, that the reason for notice to an adverse party is to give him an op-

portunity to protect his interest in the judgment sought to be vacated.

While the exact question is not raised or discussed, it appears that in Whitehead v. Callahan, 197 Okla. 572, 173 P. 2d 447, in a proceeding similar to this, the notice was served on all parties interested in the judgment sought to be opened or vacated.

See, also, Pickering v. Taylor, 180 Okla. 96, 67 P. 2d 949; Scott v. Amis, 136 Okla. 72, 276 P. 215; City of Sapulpa v. Young, 147 Okla. 179, 296 P. 418, and Hill v. Persinger, 57 Okla. 663, 157 P. 744.

As to Busby it is urged that the Eaves' motion did not allege ground for opening or vacating the judgment in that Eaves was not an heir of the allottee at the time of her death, and that the Eaves motion is an attempt in this action to ignore the county court judgment.

We are convinced that this contention has merit.

Hope v. Eaves contends that the three children of the original allottee and her husband, J. B. Roberson, perpetrated a fraud in connection with the determination in the county court that the three of them, to the exclusion of Eaves, were the only children of J. B. Roberson. That contention of fraud could be presented by timely action seeking the statutory remedy against the final decree so obtained in the county court. It is also pointed out that a remedy was available to Eaves in a separate action of equitable cognizance constituting a direct attack on the decree of distribution and determination of heirship in the administration of the estate of J. B. Roberson. But no authority is shown permitting Eaves to ignore that administration case and to present her claim here as an heir of J. B. Roberson as if the probate case had not existed, or to here collaterally attack the county court decree.

Movant by cross-appeal challenges the action of the trial court in permitting plaintiff to supersede the judgment. Movant argues that the order vacating the judgment is not appealable, but we have consistently held to the contrary. Pennsylvania Co. v. Potter, 108 Okla. 49, 233 P. 700; Magnolia Pipe Line Co. v. Ricks, 190 Okla. 145, 121 P. 2d 570. Movant also urges that such a supersedeas is not authorized by 12 O.S. 1941 §968. But in American Surety Co. of New York v. Marsh, 146 Okla. 261, 293 P. 1041, we held that where no provision for supersedeas was made by statute, the allowance thereof was left to the discretion of the trial court. We are unable to say, after examination of the record, that the action of the trial court in permitting plaintiff to supersede the order, and thereby relieve himself of the trouble and expense of further defending the action pending his appeal, is an abuse of discretion. The sufficiency of the amount, and terms and condition of the bond, was not questioned in the trial court, and cannot be raised for the first time on appeal.

For reasons stated, the action and judgment of the trial court sustaining motion of Hope V. Eaves is reversed, and the cause remanded, with directions to dismiss such motion and petition.

ARNOLD, C. J., and WELCH, CORN, GIBSON, and JOHNSON, JJ., concur. LUTTRELL, V. C. J., and HALLEY and O'NEAL, JJ., dissent.