**EAVES v. BUSBY et al.**

No. 35557.

Supreme Court of Oklahoma.

Sept. 15, 1953.

As Corrected March 18, 1954.

Rehearing Denied March 23, 1954.

Application for Leave to File Second Petition for Rehearing Denied April 20, 1954.

King & Wadlington, Ada, for plaintiff in error.

Busby, Harrell & Trice and W. V. Stanfield, Ada, for defendants in error.

O'NEAL, Justice.

The petition substantially alleges that Lucy J. Huddleston, Choctaw by blood, Roll No. 15013, was allotted 320 acres of the land described and located in Pontotoc County, Oklahoma. Lucy married J. B. Roberson. She died on the 21st day of November, 1917, intestate, possessed of said land. Her heirs were her husband, J. B. Roberson, and their three children, namely: Geneva Pauline Dennis, James Herbert Roberson, and William Brice Roberson. Her husband inherited an undivided 1/3rd interest and the children inherited an undivided 2/9ths interest each in the land here involved.

J. B. Roberson died on December 30, 1943, intestate, his surviving heirs being Geneva, James, William, and the plaintiff, Hope V. Eaves, and each heir inherited an undivided 1/4th interest in the estate of J. B. Roberson, deceased. Whether Hope is the daughter of J. B. Roberson, deceased, by a subsequent marriage, is evidently a matter of controversy.

On August 21, 1944, Geneva, joined by her husband, Jack Dennis, the administrator of the estate of J. B. Roberson, deceased, and by James, deeded certain of the described land to the defendant, Orel Busby; that on September 12, 1944, William deeded a portion of the described land to Orel Busby. Defendants, other than Busby, are alleged to claim an interest under conveyances from other heirs of J. B. Roberson, deceased, some with and others without knowledge of plaintiff's asserted right to an undivided 1/4th interest and certain mineral interests in the land described.

That each enumerated conveyance is void as to the plaintiff for the following reasons: That on October 20, 1944, the County Court of Pontotoc County, Oklahoma, entered its order approving the final account, and decree of distribution in probate case No. 4130, entitled, "In the Matter of the Estate of James Banks Roberson, deceased." That the plaintiff is not named in said proceedings as an heir of J. B. Roberson, deceased, and the estate was distributed to Geneva, James and William to the exclusion of the plaintiff; that she was not given notice of said proceedings and that the heirs named knew that she was their half-sister and as such was entitled to an inherited interest in the estate. It is generally alleged that the administrator of the estate and the three named children of J. B. Roberson, deceased, agreed among themselves that they would not notify plaintiff of said probate proceedings although they knew she was an heir and knew that she lived in Oakland, California; that pursuant to said agreement they filed a petition in the County Court of Pontotoc County, Oklahoma, in said Cause No. 4130, for the appointment of Jack Dennis, the husband of Geneva, as administrator and represented to the court that the three named children of J. B. Roberson, deceased, were his sole heirs and caused the final order of heirship and distribution to be made by the County Court in fraud of plaintiff's interest in the estate. Plaintiff learned of said alleged fraud on September 20, 1946, and brought the present action on the 26th day of August, 1948. Plaintiff pleads that the decree in probate is not void on its face and that more than two years have expired since the entry of the decree of distribution in the estate, and that therefore she is entitled to invoke a court of equity in an original action for the enforcement of her asserted rights in said land. The prayer asks that all deeds by the heirs to Busby and all other mesne conveyances be cancelled and that the decree of distribution in the County Court be vacated, and that plaintiff have an accounting of all rents and profits from the land and general damages against such defendants who were bona fide purchasers for value and for general equitable relief.

Each named defendant interposed a separate demurrer to plaintiff's petition. The

separate demurrers were sustained and upon plaintiff refusing to plead further her petition was dismissed, from which order and judgment she appeals.

█ This is the second case between these parties involving the same mineral rights in the same identical land that has' reached this court. The first one is Busby v. Eaves, 205 Okla. 346, 237 P.2d 445.

Busby, in that action, brought a suit in the District Court of Pontotoc County to quiet his title in 100 acres of the land involved, and a stated undivided interest in the mineral rights in portions of the land described. Numerous parties were made defendants in the action to quiet title, including the three children of Lucy J. Huddleston-Roberson and J. B. Roberson. After judgment was rendered in Busby v. Eaves, supra, Mrs. Eaves filed a motion or petition in that proceeding alleging that she had no notice or knowledge of the disposition made in Re Estate of J. B. Roberson, deceased, No. 4130, in the County Court of Pontotoc County, Oklahoma, and further alleged the same grounds of fraud as contained in her present action. Busby filed his objections to opening the case and setting aside the judgment upon the ground that Eaves failed to give all parties interested in the case notice of the motion or petition, and upon the further ground that Eaves' motion or petition did not state facts warranting the vacating of the judgment. The trial court entered an order vacating its judgment and treated Eaves' motion or petition as an answer in Busby's action. Upon appeal, we held:

"When the district court has rendered judgment quieting title to land and adjudicating that H. died intestate, seized of such land, and that the sole heirs of H. were the spouse R. and three children, and after the death of H. and before filing such quiet title suit R. has died and there has been county court administration of the estate of R. and final determination in such county court proceedings that the sole heirs of R. were the three named children; and thereafter a person who did not appear as a party to either such suit or in such proceedings claims to be an additional heir of R. and makes appearance in the quiet title suit and seeks to open or vacate the district court judgment by application made under the statute 12 O.S.1941 § 176, and therein and thereby seeks to ignore the aforesaid county court determination of heirship or to thereby collaterally attack the same, such application does not state a cause of action to open or vacate such district court judgment."

In the case of Charles E. Harding Co. v. Harding, 352 Ill. 417, 186 N.E. 152, 88 A.L.R. 563, we find the principle of law succinctly expressed in the latter citation at page 575, as follows:

"The distinction between the effect of a judgment as an absolute bar to a cause of action and as an estoppel as to particular facts relied on as evidence was pointed out in Outram v. Morewood (1803) 3 East, 346, 102 Eng.Reprint 630. In this case Lord Ellenborough, Ch. J., stated: 'The court very properly distinguished there between what operates by way of bar to a future recovery for the same thing, and what by way of estoppel. * * * It is not the recovery, but the matter alleged by the party, and upon which the recovery proceeds, which creates the estoppel. The recovery of itself in an action of trespass is only a bar to the future recovery of damages for the same injury; but the estoppel precludes parties and privies from contending to the contrary on that point, or matter of fact, which, having been once distinctly put in issue by them, or by those to whom they are privy in estate or law, has been, on such issue joined, solemnly found against them.'"

█ In Uncle Sam Oil Co. v. Richards, 73 Okl. 248, 175 P. 749, 750, the rule is announced as follows:

"When a fact has been once determined in the course of a judicial proceeding, and a final judgment has been rendered in accordance therewith, it cannot be again litigated between the

same parties without virtually impeaching the correctness of the former decision, which, from motives of public policy, the law does not permit to be done. The estoppel is not confined to the judgment, but extends to all facts involved in it as necessary steps, or the groundwork upon which it must have been founded."

In Crockett v. Root, 194 Okl. 3, 146 P.2d 555, 556, we held:

"A judgment of a court of competent jurisdiction delivered upon the merits of a cause is final and conclusive between the parties in a subsequent action upon the same cause of action, not only as to all matters actually litigated and determined in the former action, but also as to every ground of recovery or defense which might have been presented and determined therein. This rule precludes re-examination of the merits of the same cause of action upon another ground."

The identical issue of fraud which was raised by Eaves and adversely decided in Busby v. Eaves, supra, is disclosed in the opinion of this court in said case, wherein it is stated:

"As to Busby it is urged that the Eaves motion did not allege ground for opening or vacating the judgment in that Eaves was not an heir of the allottee at the time of her death, and that the Eaves motion is an attempt in this action to ignore the county court judgment.

"We are convinced that this contention has merit.

"Hope V. Eaves contends that the three children of the original allottee and her husband, J. B. Roberson, perpetrated a fraud in connection with the determination in the county court that the three of them, to the exclusion of Eaves, were the only children of J. B. Roberson. That contention of fraud could be presented by timely action seeking the statutory remedy against the final decree so obtained in the county court. It is also pointed out that a remedy was available to Eaves in a separate action of equitable cognizance constituting a direct attack on the decree of distribution and determination of heirship in the administration of the estate of J. B. Roberson. But no authority is shown permitting Eaves to ignore that administration case and to present her claim here as an heir of J. B. Roberson as if the probate case had not existed, or to here collaterally attack the county court decree."

The separate demurrers were properly sustained as the petition in the instant case shows upon its face that Eaves cause of action is barred by the statute of limitations. The pleader in fact admits that the proceedings had in the County Court, In re Estate of J. B. Roberson, Deceased, are impervious to a direct attack because those proceedings were conducted under the requirements of the statute with reference to the character of notices given. There is no allegation in plaintiff's present suit that the proper statutory notices were not given. All that plaintiff alleges is that she was not personally notified either by the administrator of the estate or by the other heirs of the hearing of the final account and petition for distribution. In other words, she contends that the county court's proceedings cannot be attacked in a direct proceeding and that, therefore, she invokes a court of equity to grant relief upon allegations of extrinsic fraud. To sustain her contention that her suit is timely brought she relies upon Title 12 O.S.1951 § 95, subdivision 3, which provides:

"Within two years: An action for trespass upon real property; an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

As we have already noted in the opinion of Busby v. Eaves, supra, we said:

"That contention of fraud could be presented by timely action seeking the statutory remedy against the final decree so obtained in the county court."

The present action was commenced three years and ten months after the decree determining heirs and final distribution was filed for record in the court clerk's office of Pontotoc County, Oklahoma. Mrs. Eaves, however, pleads that she only discovered the alleged fraud in September, 1946; therefore, her present action, under date of August 26, 1948, was timely brought under subdivision 3 of Title 12 O.S.1951 § 95. The phrase "until the discovery of the fraud" as that term is employed in the quoted statute of limitations, was construed by this court in the early case of Board of Com'rs of Garfield County v. Renshaw, 23 Okl. 56, 99 P. 638, 22 L.R.A.,N.S., 207, wherein we said:

"The phrase 'until discovery of the fraud,' in the third paragraph of section 4216, Wilson's Rev. & Ann.St. 1903, does not necessarily mean until the party complaining had actual notice of the fraud alleged to have been committed, for constructive notice of the fraud is sufficient to set the statute in motion, even though there may be no actual notice. Where the means of discovery lie in public records, required by law to be kept, which involve the very transaction in hand, and the interests of the parties to the litigation, the public records themselves are sufficient constructive notice of the fraud to set the statute in motion."

In Widger v. Union Oil Co. of Oklahoma, 205 Okl. 614, 239 P.2d 789, 790, in construing Title 12 O.S.1951 § 95, we held:

"The phrase 'until the discovery of the fraud' contained in the third paragraph of 12 O.S.1941, Sec. 95, does not necessarily mean until the party complaining had actual notice of the fraud alleged to have been committed, for fraud is deemed to be discovered, within the statute of limitation, when in the exercise of reasonable diligence it could have been discovered."

And in the body of the opinion it is stated:

"But if we concede for the purpose of argument that fraud was sufficiently shown, we think the claim of plaintiffs in error was barred by the statute of limitations. * * *

"The applicable statute of limitation, 12 O.S. [1951 §] 95, subd. 3, provides that the action must be commenced within two years from the discovery of the fraud, and in Yoder v. Weston, 122 Okl. 51, 250 P. 522; McNeal v. Steinberger, 192 Okl. 283, 135 P.2d 490, and Illinois Oil Co. v. Pander [Pender], 137 Okl. 82, 277 P. 1026, we held that fraud was deemed to be discovered within the meaning of the statute, when, by the exercise of reasonable diligence, it could have been discovered."

In Smith v. Kimsey, 192 Okl. 618, 138 P.2d 94, we held:

"Where the means of discovering fraud are in the hands of the party defrauded and the defrauding party has not covered up his fraud to the extent that it would be difficult or impossible to discover, the party defrauded will be deemed to have had notice of the fraud from the date the means of discovering such fraud came into his hands, and the fraud will be deemed to have been discovered upon that date. 12 O.S.1941 § 95."

Neither do we think that Beatty v. Beatty, 1925, 114 Okl. 5, 242 P. 766, is opposite to the holdings in the foregoing cases, for in the Beatty case the question of the statute of limitations was not raised in the trial court, and on appeal it was held that the application of the statute could not therefore be relied upon on the appeal. The Beatty case, as well as the subsequent case of He-ah-to-me v. Hudson, 1926, 121 Okl. 173, 249 P. 138, holds that a decree determining heirs is not binding upon one claiming to be an heir, unless such person is personally mentioned in the proceeding or personally served with notice, notwithstanding the giving of public notice as provided by statute.

Subsequent to the Beatty and He-ah-to-me cases the question was re-examined by this court and in our opinion in National Exploration Co. v. Robins, 1929, 140 Okl. 260, 283 P. 236, 237, we expressly overruled the decision in He-ah-to-me v. Hudson, supra, and in that opinion said:

"Probate proceedings in the settlement of estates are in the nature of proceedings in rem, and, upon statutory notice having been given, all the world is charged with notice. And a decree of distribution and settlement of heirship rendered on such notice, in the absence of a showing of fraud or collusion, is binding on all parties claiming an interest in the estate, even though not mentioned in the proceedings nor personally served with notice. Minor heirs, however, not represented, may proceed in the proper tribunal to set the same aside within one year after arriving at the age of majority, as provided by section 684, C.O.S.1921 [12 O.S.1951 § 700]."

The separate demurrers to the petition were properly sustained for 'the reason that plaintiff's petition did not allege facts to constitute extrinsic or extraneous fraud. The petition alleged that the county court's decree of heirship and final distribution is not void on its face and that therefore plaintiff could not invoke the provisions of 12 O.S.1951 § 1038, to set aside a void judgment.

Plaintiff then alleges that "the county court's decree of distribution is void for the reason that said administration proceedings were void in that it was not obtained upon proper notice or order in accordance with the statute."

Plaintiff therefore argues that the decree is subject to collateral attack, citing the case of Pettis v. Johnston, 78 Okl. 277, 190 P. 681, and comparable cases. The quoted allegation is not a statement of fact well pleaded, but is an erroneous conclusion of law, for as we have pointed out, under plaintiff's pleadings, the statute with reference to notice was strictly complied with. It is axiomatic that a demurrer only admits the facts well pleaded and not the pleader's erroneous conclusions of law.

Rejudgment below is affirmed.

HALLEY, C. J., and WELCH, CORN, ARNOLD, WILLIAMS and BLACK-BIRD, JJ., concur.