Sue Walston v. David L. Lockhart Rebecca G. Lockhart & Larry Walston
















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-362-CV

     SUE WALSTON,
                                                                         Appellant
     v.

     DAVID L. LOCKHART,
     REBECCA G. LOCKHART
     AND LARRY WALSTON,
                                                                         Appellees
 

From the 170th District Court
McLennan County, Texas
Trial Court # 99-3504-4
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Sue Walston and her former husband, Larry, were divorced on January 11, 1994. Walston
appealed. Larry filed a separate suit for partition of the real estate they had occupied as their
home, asking that the proceeds be distributed according to the divorce decree. The court in which
the suit for partition was filed appointed a receiver, Jim Stewart, to sell the property. Walston
appealed from that order.


 On January 24, 1995, the trial court signed an order (1) approving a
contract whereby David and Rebecca Lockharts agreed to purchase the property and (2)
authorizing the receiver to sell it.


 On February 6, 1995, the receiver conveyed the property to
the Lockharts. Over three years later, on November 9, 1999, Walston sued Larry and the
Lockharts in trespass to try title. She claims that, because Stewart did not strictly comply with
the terms of the order authorizing the sale, the deed is void.
      The Lockharts filed a motion for summary judgment, which the court granted in part on their
assertion that Walston lacks standing to maintain the suit. Because we find the standing question
dispositive, we do not reach Walston’s issues on the merits.
      Briefly, the standards for reviewing a summary judgment are:
      (1)  The movant for summary judgment has the burden of showing that there is no genuine
issue of material fact and that the movant is entitled to judgment as a matter of law.
 
      (2)  In deciding whether there is a disputed material fact issue precluding summary judgment,
evidence favorable to the non-movant will be taken as true.
 
      (3)  Every reasonable inference must be indulged in favor of the non-movant and any doubts
resolved in her favor.

Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). We review a
summary judgment de novo. Rucker v. Bank One, 36 S.W.3d 649, 652-53 (Tex. App.—Waco
2000, pet. filed).
      The requirement of standing is implicit in the Texas Constitution's open courts provision,
which contemplates access to the courts only for those litigants suffering an injury. The M.D.
Anderson Cancer Center v. Novak, - - - S.W.3d - - -, - - - (Tex. 2001) (citing Tex. Ass'n of Bus.
v. Tex. Air Control Bd., 852 S.W.2d 440, 444 (Tex. 1993)). Standing is a prerequisite to
subject-matter jurisdiction, and subject-matter jurisdiction is essential to a court's power to decide
a case. Id. (citing Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 553-54 (Tex. 2000)). 
"[S]tanding focuses on the question of who may bring an action." Id. (citing Patterson v. Planned
Parenthood, 971 S.W.2d 439, 442 (Tex. 1998)). Standing, as a component of subject matter
jurisdiction, is an issue that may be raised by the court for the first time on appeal; it may not be
waived by the parties. Tex. Ass'n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 445-46 (Tex.
1993). Subject matter jurisdiction is never presumed. Id. at 444.
      A discussion of the standing issue must begin with the proposition that from the moment the
court appointed the receiver over the property, the property was in custodia legis. Tex Trunk Ry.
Co. v. Lewis, 81 Tex. 1, 16 S.W. 647, 649 (1891) (“We understand the courts to hold, almost
without dissent, that, after the appointment of a receiver, the property to which the receivership
relates is to be deemed in the custody of the law, and this seems to us the correct rule.”); see also
First S. Props., Inc. v. Vallone, 533 S.W.2d 339, 341 (Tex. 1976).
      The deed which Walston attacks was between the court-appointed receiver and the Lockharts. 
When she filed this suit she had no ownership interest in the affected land, because her interest
had been sold by the receiver. Accordingly, even if the sale was not made in strict compliance
with the terms of the order authorizing it, Walston was not "personally aggrieved." See
Marburger v. Seminole Pipeline Co., 957 S.W.2d 82, 89-90 (Tex. App.—Houston [14th Dist.]
1997, pet. denied) (husband who had no ownership interest in his wife's separate real property did
not have standing to contest validity of easement over land); Hollar v. Jowers, 310 S.W.2d 721,
724 (Tex. Civ. App.—Eastland 1958, writ ref'd n.r.e.) (party who had no ownership in land was
not entitled to bring suit to cancel deeds). 
      Walston can obtain no relief in the form she seeks, which is the recovery of title to the
property. Nothing about the present suit can change the order appointing the receiver and placing
the property in the receivership. That order, along with the order authorizing the sale and the
order discharging the receiver and closing the receivership, is final. Furthermore, although there
may have been irregularities in the sale, as alleged, yet, as Walston was a party to the receivership
proceedings, any irregularities could only be timely called into question by an appeal from the
court's ruling upon proper motion made and filed in that cause, not in an independent action in
trespass to try title to the land as done here. See Sherwood v. Kelly, 257 S.W. 278, 279 (Tex.
Civ. App.—San Antonio 1923, writ dism’d).
      We conclude that, under these circumstances, Walston does not have standing to bring this
action claiming title to the real estate. In so finding, we do not reach her issues on appeal. We
render the judgment that the trial court should have rendered. The cause is dismissed for lack of
jurisdiction.
                                                             PER CURIAM

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Judgment rendered dismissing the cause
Opinion delivered and filed November 14, 2001
Do not publish
[CV06]



/i>, 800
S.W.2d at 547-48 (discussing requirements for preservation of error in outcry cases); Norris, 788
S.W.2d at 68; Poole v. State, 974 S.W.2d 892, 899 (Tex. App.—Austin 1998, no pet. h.); Tex.
R. Evid. 103(a)(1); Tex. R. App. P. 33.1(a)(1)(A).
      Even if Cochran had preserved this issue, this Court has recently concluded that article 38.072
does not require a court to articulate findings of reliability on the record. Gabriel v. State, 973
S.W.2d 715, 718 (Tex. App.—Waco 1998, no pet.). We issued Gabriel shortly after the parties
filed their briefs in Cochran’s case. Because Cochran presents an argument not made in Gabriel,
we write further to address his contention.
      Cochran analogizes the article 38.072 requirement that a court find the victim’s statement
reliable to the requirement of article 38.22, section 6 that a court make written findings of fact and
conclusions of law in cases where the voluntariness of an accused’s statement is challenged. 
Compare Tex. Code Crim. Proc. Ann. art. 38.072, § 2(b)(2) with Tex. Code Crim. Proc.
Ann. art. 38.22, § 6 (Vernon 1979). We disagree.
      Article 38.22, section 6 expressly requires a court to make written findings and conclusions. 
Tex. Code Crim. Proc. Ann. art. 38.22, § 6; State v. Acosta, 948 S.W.2d 555, 556 (Tex.
App.—Waco, order), disp. on merits, 951 S.W.2d 291 (Tex. App.—Waco 1997, pet. ref’d). To
the contrary, article 38.072, section 2(b)(2) does not expressly require written findings. Thus, the
latter is more analogous to rule 403 of the Rules of Evidence, which requires a court to balance
the extent to which the probative value of evidence is substantially outweighed by the danger of
unfair prejudice, confusion of issues, misleading the jury, or undue delay or needless cumulation. 
Montgomery v. State, 810 S.W.2d 372, 389-90 (Tex. Crim. App. 1990) (op. on reh’g); Tex. R.
Evid. 403.
      A trial court need not make express findings on the record when conducting the balancing test
required by rule 403. Williams v. State, 958 S.W.2d 186, 195 (Tex. Crim. App. 1997). We hold
that a trial court similarly does not have to make findings on the record when making the
reliability determination required by article 38.072, section 2(b)(2).
CONCLUSION
      Cochran failed to preserve for our review the issue presented. Even if he had, we find from
the record that the court did not abuse its discretion in finding that J.F’s outcry to Morrison was
reliable. We overrule Cochran’s sole issue and affirm the judgment.
 
                                                                               REX D. DAVIS
                                                                               Chief Justice
Before Chief Justice Davis
            Justice Cummings (not participating)
            And Justice Vance
Affirmed
Opinion delivered and filed March 24, 1999
Do not publish